### FLOWER CITY PLANT FOOD CO. v. ROBERTS.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. SALES—WRITTEN CONTRACT—CONSTRUCTION—AUTHORITY OF AGENT.

Where defendant signed a written contract for the purchase of goods plainly reciting, "Positively no goods on consignment," and that the terms were "120 days, less 5 per cent. off cash 10 days," and that the sellers' agent was not allowed to vary from the printed terms of the contract, he was not entitled to plead, as a defense to an action for the price, an agreement, written by the agent on the back of the copy of the order given to defendant, that if at the expiration of four months defendant had not disposed of the goods, plaintiff agreed to take back or sell the same.

2. SAME—REVERSAL.

Where, in an action for the price of goods sold, defendant pleaded that the goods were sold on consignment, and that he had sold goods under the consignment to the value of $1.49, but made no tender of judgment for that amount, a judgment in favor of defendant was erroneous.

Appeal from Warren County Court.

Action by the Flower City Plant Food Company against George Roberts. From a justice's judgment in favor of defendant, affirmed by the county court, plaintiff appeals. Reversed.

The plaintiff is a domestic corporation, doing business in Rochester, N. Y. The defendant is in the business of buying and selling hay, straw, flour, feed, and grain, in Glens Falls, N. Y. On or about November 12, 1901, at the so-

licitation of the plaintiff's agent, Baker, the defendant signed and delivered a written order for certain merchandise, of which the following is a copy:

"Positively no Goods on Consignment.

"Flower City Plant Food Co.,
"Rochester, N. Y. U. S. A.

"Sold to George Roberts.
"Town or P. O.  Glens Falls.
"Railroad Station:  "      "
"County of Warren.
"State:  N. Y.
"Terms:  120 days, less 5 per cent. off cash 10 days.
  "I agree that this order shall not be subject to countermand.

| D. | Excelsior Stock Food. | | |
|---|---|---|---|
| 3 | 2 lb. package per doz. | $2 50 | $ 7 50 |
| 2 | 4 lb. pck. | 4 00 | 8 00 |
| 1 | 7 lb. Bags. | 6 60 | 6 60 |
| | EGG—O Poultry Tonic & Egg Producer. | | |
| 2 | 28 oz. Trial package per doz. | 2 00 | 4 00 |
| 2 | O. K. Pa. Anti-Louse. | 2 00 | 4 00 |
| | | | $30 10 |

"Our agents are not allowed to vary from printed terms of this contract.
                    "Purchaser:    George Roberts.
  "I guarantee this order to be sold according to contract.
                    "S. R. Baker, Agent.
                    "Flower City Plant Food Co."

At the time he signed such paper the agent made a copy of it, except that he did not sign the defendant's name opposite the word "Purchaser." On the back of each was indorsed as follows:

"Free with This Order.

"6   2 lb. packages Excelsior Food.
"6   4  "       "       "       "
"2   7  "  bags      "       "
"6   28 oz. pck. Egg-O.
"6   1  lb.  "   Anti-Louse.
"1 doz. 8 oz.   Plant Food.
"With the usual printed matter and freight to Glens Falls."

On the back of the copy so made by the agent was then indorsed by him the further statement, viz.:

"Further, that at the expiration of 4 months, if Mr. Roberts has not disposed of the bill, we will take back or sell the same, so that he has no risk or cost.
                    "Flower City Plant Food Co.,
                    "S. R. Baker."

The order signed by the defendant was thereupon delivered by him to the agent, Baker, who subsequently sent it to the plaintiff, and the copy so made by Baker was left with the defendant. The plaintiff promptly shipped to the defendant the merchandise so ordered by him, and specified therein. The defendant received the same, and subsequently sold $1.49 worth thereof. At the expiration of the 120 days payment for the bill was demanded by plaintiff, and refused by defendant on the ground that it was not yet due. The plaintiff did not know that the indorsement last above stated was upon the copy left with defendant, until it learned the same from defendant after the demand for payment had been made. This action was brought in a justice's court for the purchase price of the goods so ordered and delivered. That court rendered a judgment for the defendant. On appeal by plaintiff to the county court such judgment was affirmed, and from such judgment of affirmance this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and LYON, JJ.

Daniel J. Finn, for appellant.
T. W. McArthur, for respondent.

PARKER, P. J. The defendant declines to pay for these goods
on the ground that they were not delivered and received under a
contract of purchase and sale, but under what his counsel, in his
points upon this appeal, terms a "conditional sale, or, rather, a con-
signment"; and to sustain that theory he insists that the statement
indorsed on the back of the copy left with him by the agent was a
part of the contract which he made with the plaintiff. The paper
which he signed begins with the following statement: "Positively
no goods on consignment." A short distance below are printed the
terms of payment and the agreement that this order shall not be
subject to countermand. Immediately over the place where he was
required to sign, and so that it was in plain view, and necessarily
became a part of the contract, was printed this statement: "Our
agents are not allowed to vary from printed terms of this contract."
Immediately under the defendant's signature was a printed state-
ment for the agent to sign, and which he did sign in this case, viz.:
"I guarantee this order to be sold according to contract." There
was, therefore, over the signature of the defendant, a complete con-
tract that, if the plaintiff would send him the goods therein named,
he would pay the prices therein stated at the expiration of 120 days,
less 5 per cent. if paid in 10 days. There was also his further agree-
ment that he should not be at liberty to countermand the order
when once delivered to the agent, and also, in substance, that the
agent had no authority to make any other or different terms, and
particularly he had none to let him have any goods on consignment.
Such was the contract signed by the defendant, and such was the
only one which he delivered to the agent, and under which the plain-
tiff acted when it shipped the goods. The indorsement on the copy
left with the defendant, if operative, is a clear nullification of the
contract so signed. Instead of being a purchase and sale upon the
terms therein specified, it is a mere consignment of the goods to the
defendant, to be sold for the plaintiff. At least, such is the clear ef-
fect of it; and I am at a loss to understand upon what theory it
can be claimed to be a part of the contract with the plaintiff. Cer-
tainly, in the face of the provisions in the contract which the de-
fendant signed, he had no right to assume that Baker acted for the
plaintiff in thus varying the terms of such contract. He had direct
notice that Baker's authority to act for the plaintiff was limited to
the terms printed in the order which he was asked to sign. If he
was not willing to contract with the plaintiff upon those terms, he
could not contract with it at all through Baker; and when he signed,
and permitted Baker to send to the plaintiff, that printed order, he
must be deemed to have contracted with the plaintiff to that extent,
and no more. Whatever was his purpose in signing such a contract
with the plaintiff, and then receiving from Baker an entirely different

one, it is not important to determine. But it is clear that he had no right to consider the paper that he received from Baker as binding upon the plaintiff, or as being any part of the contract he had made with it; and, in my opinion, as matter of law, he cannot be allowed to plead that paper as a defense to the contract which he in fact did make. He was not deceived by the agent. There is no proof that any representation whatever was made to him, and, indeed, in the face of the writing he signed, no representation whatever could have deceived him. The paper which he did sign was not accompanied by any such modifying agreement, and by it the plaintiff evidently was the party deceived. The defendant does not even claim that he supposed the modifying contract was indorsed on the one he signed. He seems to have made a clear contract with the plaintiff to purchase the goods in question at the prices and upon the terms therein stated; and the collateral agreement made with Baker, but not with the plaintiff, is insufficient to change it. The plaintiff should have recovered upon that contract, and therefore the judgment for the defendant should be reversed.

Moreover, concede that the indorsement made by Baker was binding upon the plaintiff, on the defendant's own claim he was liable to the plaintiff for the sum of $1.49, being the value of such of the goods received as he had sold within the four months. That amount, under the terms of the contract, as he claims it to have been, was due and owing to plaintiff. This judgment is a bar to its ever recovering that amount. Evidently it is erroneous in that respect, and for that further reason it must be reversed. It is said that defendant has always been ready to pay that amount. If so, he should have offered upon the trial that judgment go against him for that amount. We cannot sustain a judgment against plaintiff that clearly should have been in its favor.

The judgment of the justice and of the county court must be reversed, with costs in both courts and of this appeal.

All concur.