Canaday Cooler Co., Inc., Appellant, v. Rose Cucurullo, Respondent.— In an action brought to recover a balance of rent under an agreement for the rental of a frosted food cabinet, judgment of the County Court of Westchester county in favor of defendant, dismissing the complaint, reversed on the law and the facts and a new trial ordered, with costs to appellant to abide the event. The evidence sustained the findings that the defendant was persuaded to sign the lease upon the salesman's promise that the cabinet might be returned within three months at the lessee's option. Such findings, however, were insufficient in themselves to warrant the dismissal of the complaint. The surrounding circumstances, as far as they appear in this record, were such that defendant had no right to assume that the salesman had authority to bind the plaintiff by his proposal. (*Ernst Iron Works, Inc.*, v. *Duralith Corp.*, 270 N. Y. 165; *Flower City Plant Food Co.* v. *Roberts*, 81 App. Div. 249; *Waldorf* v. *Simpson*, 15 id. 297.) We grant a new trial in the interest of substantial justice. It may be that upon a new trial the testimony of the salesman may be procured, and such testimony might throw further light on the question of his authority, actual or implied, to vary the terms of the printed form of contract. It is impossible, upon the present record, to determine what damages, if any, the plaintiff is entitled to recover. We construe the contract to mean that upon default in the payment of rent the lessor might declare the whole balance of rent immediately payable, or repossess the chattel. It could not resort to both remedies. By bringing this action the plaintiff elected to pursue the first remedy. We are uncertain from the record whether

it also pursued the second. If it did, the seizure of the chattel would either amount to a consent to the termination of the lease on the date of seizure, or it might give the defendant a cause of action for conversion which would be available here as a setoff or counterclaim. Leave is granted to defendant to amend her answer, if she be so advised, so as to allege any available defense arising out of the possible seizure of the chattel. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur.