■ MARTIN BENITEZ, Appellant, v. JOSEPHINE MARTINEZ, Respondent.— In an action to recover the amount paid on the execution of a contract for the sale of real property, to rescind the contract, and to impress a lien upon the property involved, the appeal is from an order granting a motion for summary judgment dismissing the complaint pursuant to rule 113 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the appellant submitted proof sufficient to create an issue of fact as to the conclusiveness of the documentary evidence, consisting of the written contract of sale, relied upon by the respondent. Appellant alleged claims of fraud in respect to the soundness of the premises, the inspection of two of the apartments in the premises, and as to the physical and structural conditions of one of said apartments. Such claims, if established, would vitiate the entire writing, including the " no representations ", " as is ", and " no oral-change " provisions, as well as the express warranty therein contained. (*Massler* v. *Smit,* 279 App. Div. 941; *Laczko* v. *Bear Ridge Lake Corp.,* 280 App. Div. 813; *Hellinger* v. *Abeles,* 283 App. Div. 726; *Anides* v. *Kahar Realty Corp.,* 283 App. Div. 822.) Upon the papers before us, no denials of appellant's claims were made by the respondent, nor by her salesman and broker to whom appellant attributed the active misrepresentations recounted. In addition, the purchase price of $12,000 set forth in the contract of sale seemingly presents an ambiguity which may require an explanation at the trial for the reason that the payments detailed to be made by the vendee total but $11,500. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ ISADORE BERNS et al., Appellants, v. SAMUEL A. LASK et al., Respondents.— In an action for partition, the appeal is from the final judgment confirming the sale of the property and directing that certain payments be made from the proceeds thereof and that the balance remaining be equally divided between the parties to the action. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta and Hallinan, JJ.; Wenzel, J., not voting.

■ BERNADETTE M. HANSEN et al., Appellants, v. B. & G. CONSTRUCTION CORP. et al., Respondents.— In an action to recover damages for injuries to person and property, and for medical expenses and loss of services, the appeal is from a judgment dismissing the complaint, on the merits, at the close of plaintiffs' case. Appellant Bernadette M. Hansen was injured while a passenger in a motor vehicle owned and operated by her husband, appellant Alfred Hansen. Respondent R. H. Bailey Homes, Inc., was the owner of land and the builder of a large number of one-family houses thereon. Appellant Alfred Hansen was the roofing contractor. Respondent B. &. G. Construction Corp. had excavated about twenty-five holes for cesspools. On April 28, 1950, after work had ceased for the day, but while it was still daylight, appellant Alfred Hansen drove his car on the property, between two of the several houses under construction, to pick up some of his tools. The car dropped into one of the holes at the rear of one of the houses. Said appellant had knowledge of the existence of holes but not of the particular one into which his car fell. Judgment affirmed, with costs. No opinion. Beldock, Murphy and Ughetta, JJ., concur; Nolan, P. J., and Kleinfeld, J., dissent and vote to reverse the judgment and to grant a new trial on the ground that appellants established a prima facie case.