Froessel, J.
Plaintiff’s action against defendant Eobinov for fraudulently inducing a contract for the sale of real property will not lie. Under the authority of our decision in Danann Realty Corp. v. Harris (5 N Y 2d 317; see, also, Ernst Iron Works v. Duralith Corp., 270 N. Y. 165), the alleged misrepresentations here were disclaimed with sufficient specificity— except the alleged misrepresentation as to ownership of the kitchen ranges, which could not reasonably be said to come within the ambit of “physical condition or services”. That alleged misrepresentation, however, in view of the bill of particulars limiting plaintiff’s proof, was not material. Lack of ownership of a single range having a claimed value of $100 could hardly have induced this $32,375 sale.
With regard to defendant Feinberg, the real estate broker, however, he was not a party to the contract of sale, and the disclaimer provision by its express language did not inure to his *264 benefit. The disclaimer provision in the contract constituted, in effect, a limitation upon the agent’s authority to bind his principal (see Ernst Iron Works v. Duralith Corp., supra; Flower City Plant Food Co. v. Roberts, 81 App. Div. 249; Waldorf v. Simpson, 15 App. Div. 297). This case, therefore, assumes the posture of a third party allegedly suffering a loss as a result of an agent’s unauthorized acts. Recourse, if any, in such case, by way of damages to recoup the loss sustained, may be sought against the agent (Laska v. Harris, 215 N. Y. 554; Kip v. Howes, 39 How. Prac. 139).
Our statement in the Danann case (supra) that the legal consequence of the disclaimer provision was to negate reliance was, in essence, only a concise way of saying that as to the seller in that case —the only party involved — no representations ever existed. That being so, there could be no reliance. There was nothing upon which to rely.
In the instant case, the representations—which plaintiff in his complaint alleges were made by the agent — were similarly declared nonexistent by the seller; and the purchaser expressly agreed to consummate the transaction on those terms. Such a declaration in the agency context here presented means, from the seller’s point of view, that any agent’s representations were unauthorized. An unauthorized representation of an agent does not exist insofar as a principal is concerned. As to the agent, however, the noncontracting party, any unauthorized representation remains real and existent — and if fraudulent he may be subjected to liability.
Accordingly, the order insofar as appealed from by defendant Robinov should be reversed, and the motion for judgment on the pleadings and dismissal of the complaint made on her behalf should be granted. In all other respects, the order appealed from should be affirmed, without costs. The question certified is answered in the negative.