LINDA NARDONE, an Infant, by MICHAEL NARDONE, Her Guardian ad Litem, et al., Respondents, v. KENNETH McQUEENEY et al., Appellants.— HERLIHY, J. Appeal from an order which denied a motion to change the venue on the grounds of convenience of witnesses. Special Term found that there was a question of residence address, no doubt based on the fact that

many of the alleged witnesses were students at Syracuse University, not necessarily their permanent residence, and on the further grounds that the experts would be the witnesses for the plaintiffs. On the limited affidavit in support of the motion, prepared and executed by an attorney for one of the defendants, we cannot say that the court improvidently exercised its discretion in denying the motion. (See *Efco Prods.*, v. *Long Is. Baking*, 6 A D 2d 832; *McLaren* v. *Mayer*, 282 App. Div. 754; *Du Pont* v. *Bank of Utica*, 9 A D 2d 807.) The allegations of the moving affidavit are fatally defective in, among other things, failing, with regard to most of the witnesses, to state their places of residence or the substance of the testimony to be elicited from them. We will not assume that the witnesses who were students at Syracuse University at the date of the accident on April 22, 1962 will still have residences there at the time of the trial. The moving defendants indicate no basis for their concern as to the convenience of plaintiffs' expert witnesses. As to the liability issue, alleging the necessity for the appearance and testimony of two police officers and other student passengers in the taxi, we cannot but note that the two taxis involved in the rear end collission accident were owned by the same company. Order affirmed, with costs. Gibson, P. J., Reynolds and Taylor, JJ., concur; Aulisi, J., dissents and votes to reverse in the following memorandum: I cannot agree with the majority and vote to reverse. This action should be tried in Onondaga County where the accident happened and where practically everyone connected with the case resides, except the plaintiff, who resides in Ulster County but at the time of the accident lived in Syracuse where she was attending the university; and except her orthopedic specialist, whom she consulted long after her accident and who resides in another judicial department. The fact that the moving affidavit may be technically insufficient, in my opinion in the interest of justice, should not outweigh the other considerations favoring Onondaga County — the doctors who treated and examined the plaintiff; the hospital records; university records; police officers; passengers in both cars and their drivers; and the fact that the cause of action arose in Onondaga County.