■ Joseph Arena, Respondent, v. George Hegyhaty et al., Appellants. Mario J. Rossi, Third-Party Defendant.— In an action to foreclose a purchase-money mortgage on real property, defendants appeal from an order of the Supreme Court, Westchester County, dated June 9, 1967, which granted plaintiff's motion for summary judgment and struck out their answer and counterclaim. Pursuant to CPLR 5517 this court will review so much of a subsequent order of said court dated August 28, 1967 as, upon granting defendants' motion for "reargument" (actually for renewal), adhered to the original decision. Order dated August 28, 1967, reversed insofar as reviewed, on the law, without costs; in accordance, the second, third and fourth decretal paragraphs thereof, which adhere to the original determination and grant plaintiff summary judgment, are struck out; and plaintiff's motion for summary judgment denied. Under the circumstances, that part of said order which granted plaintiff's motion for appointment of a referee to compute is vacated, without costs. Appeal from the order dated June 9, 1967 dismissed without costs, as academic; said order was superseded by the order of August 28, 1967. In our opinion, the affidavit submitted by defendants on their renewal motion with respect to plaintiff's motion for summary judgment, indicated the existence of a triable issue of fact as to whether defendants had been induced to enter into the contract for the purchase of the property by reason of plaintiff's false representation that the premises were a legal three-family dwelling. Fraud, if found to exist, would vitiate the contract despite provisions therein that defendants had inspected the property and were satisfied with its condition and that in executing the agreement they were not relying upon any representations by the seller (cf. Sabo v. Delman, 3 N Y 2d 155, 161–162; Benitez v. Martinez, 1 A D 2d 959; Rizzi v. Sussman, 9 A D 2d 961). Moreover, it appears that plaintiff served no reply to defendants' counterclaim for rescission; and his motion for summary judgment could properly be denied on that ground alone (United States Trust Co. v. Hardwood Operating Corp., 271 App. Div. 233; Josef Weindl, Inc. v. Braverman, 13 Misc 2d 435, mot. for lv. to app. den. 6 A D 2d 1014). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.