■ FOREST BAY HOMES, INC., Respondent, v ROBERT E. KOSINSKI et al., Defendants and Third-Party Plaintiffs-Appellants. JOSEPH TRAPASSO et al., Third-Party Defendants-Respondents.—In an action to foreclose a mortgage, defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated May 5, 1975, as, upon a motion for (1) reargument of two prior determinations and (2) leave to submit additional evidence, (1) adhered to a prior order of the same court dated April 2, 1975, which (a) granted plaintiff's motion for summary judgment and (b) referred the matter to a referee to ascertain the amounts due plaintiff, (2) adhered to so much of another order of the same court, also dated April 2, 1975, as dismissed the third-party complaint as against third-party defendant Joseph W. Genzardi and (3) denied leave to submit additional evidence. Order reversed insofar as appealed from, on the law, with one bill of $50 costs and disbursements against respondents jointly; motion for summary judgment denied; motion to dismiss the third-party complaint as against third-party defendant Genzardi denied; and the appointment of a referee is vacated. The gravamen of defendants' defenses, counterclaims and third-party complaint was predicated upon specific fraudulent representations as to the structural completeness of the subject residential premises. The contract of sale contains a general merger clause and an additional provision which recites that the seller represents that the dwelling is "structurally complete" and that the buyer, after an inspection of the "outward physical condition thereof * * * has agreed to accept the same in its present condition and on the basis of the Seller's representation". It is well established that a general "boiler-plate" merger clause is ineffective to preclude judicial inquiry into specific allegations of fraud (see, e.g., *Danann Realty Corp. v Harris,* 5 NY2d 317; *Arena v Hegyhaty,* 30 AD2d 808; *Rizzi v Sussman,* 9 AD2d 961). The *Danann* case was predicated upon the pragmatic consideration that a specific disclaimer as to the very matter later alleged to be the product of fraudulent representation "destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon these contrary oral representations" *(Danann Realty Corp. v Harris, supra,* pp 320–321). In this case, the buyers' reliance upon structural completeness was expressly recited in the contract of sale. Under these circumstances, triable issues of fact were clearly presented; defendants should not have been deprived of their day in court. Lastly, we

note that the issues with respect to (1) the agreement of the parties as to the taxes for the period May 1, 1973 to June 6, 1973 and (2) the performance of third-party defendant Genzardi under the June 6, 1973 escrow agreement, both presented triable issues of fact. Rabin, Acting P. J., Margett, Christ and Shapiro, JJ., concur; Latham, J., dissents and votes to affirm the order insofar as it is appealed from.