**Beryl ZYSKIND and Advantage Electronics Distribution Center, Inc., Plaintiffs,**

v.

**PHOTO–SCAN CORPORATION, Defendant.**

**No. 76 Civil 2196.**

United States District Court, S. D. New York.

Sept. 15, 1976.

Howard J. Schwartz, New York City, for plaintiffs.

Weiss, Rosenthal, Heller & Schwartzman, New York City, for defendant; Richard F. Horowitz, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is a diversity action wherein plaintiff charges the defendant fraudulently represented that plaintiff would be the exclusive distributor in Brooklyn and Staten Island, New York, of an electronic security device manufactured by defendant, known as a Photo-Scan unit. Plaintiff, among other matters, alleges that defendant's representation was false in that it had granted a similar distributorship for the product to another for the same territory.

■ The defendant, a Delaware corporation, with its principal place of business in California, moves to dismiss the action for lack of personal jurisdiction, improper venue and failure to state a claim upon which relief can be granted. The record establishes that defendant, under its agreements with plaintiff and other distributors throughout the State of New York, retains title to the units, which are leased to the distributors and installed in the customer's premises. Defendant not only retains title, but shares with the distributors the income derived from the installations, and under its agreement with the distributors often services the units for the customer when a distributor defaults in making payments due under the contract. Many of the units are located within this district; others are located elsewhere throughout the state. The record reveals a total of at least 500. The defendant also advertises in New York. This continuous, regular, systematic activity within the state is sufficient to establish that defendant is doing business in this district and state.[1] This conclusion neces-

---

1. *Furman v. General Dynamics Corp.*, 377 F.Supp. 37 (S.D.N.Y.1974); *Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 cert. denied, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967). Defend- ant's reliance on *Delagi v. Volkswagenwerk AG*, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972), is misplaced. That case found that a foreign corporation did not do business in New York by making outright sales

sarily disposes of that branch of the motion which seeks dismissal for improper venue.[2]

The complaint, which alleges that defendant falsely represented it was contractually free to grant plaintiff an exclusive distributorship, and that plaintiff in reliance thereon was induced to enter into the agreement, is sufficient to withstand the motion to dismiss. Nor does the merger provision of the contract preclude as a matter of law that plaintiff relied on alleged misrepresentations not contained in the written agreement. Under New York law, to have such effect the provision would have to identify the representations at issue.[3]

to an independent distributor who took title to the goods outside of New York and subsequently resold such goods to other distributors within the state. The defendant herein, however, does not sell but leases its products to in-state distributors and, retaining title, derives substantial continuing revenue from such activities.

2. 28 U.S.C. § 1391(c); *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 225 (2d Cir. 1963) (en banc); *Sunrise Toyota, Ltd. v. Toyota Motor Co.*, 55 F.R.D. 519, 523 (S.D.N.Y.1972).

3. *See Wittenberg v. Robinov*, 9 N.Y.2d 261, 213 N.Y.S.2d 430, 173 N.E.2d 868 (1961); *Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 184 N.Y.S.2d 599, 157 N.E.2d 597 (1959).