■ ANTONIO GALGANI et al., Appellants, v MICHAEL E. FLEMING et al., Respondents.—In an action, *inter alia,* to rescind a contract for the sale of real property, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated April 26, 1976, which granted defendants' motion for summary judgment and dismissed the complaint. Order reversed, with $50 costs and disbursements, and motion for summary judgment denied. Plaintiffs seek rescission of a contract to purchase real property on the ground of fraudulent representations by the defendants, prior to the signing of the contract, to the effect that the premises were free from "water problems" when in fact they were subject to flooding after periods of heavy rainfall. The defendants contend that parol evidence of the allegedly fraudulent representations is barred by the merger clauses contained in the contract. The "merger clauses" are found in paragraph 25 of the printed contract and the first paragraph of the rider thereto. Those clauses read as follows: "25. It is understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other. The purchaser has inspected the buildings standing on said premises and is thoroughly acquainted with their condition and agrees to take title 'as is' and in their present condition and subject to reasonable use, wear, tear, and natural deterioration between the date thereof and the closing of title. 1. Sellers have not made, and do not make, any representations as to the physical condition or any other matter affecting, concerning or relating to

the premises hereby sold, except that Sellers represent that plumbing, heating and electrical systems are in good working condition and will be so on date of closing title. Purchasers hereby represent and acknowledge that they have examined the premises, that no representations other than the foregoing have been made, and Purchasers agree to take the premises in its 'as is' condition." The presence of a general merger clause does not bar parol evidence of fraudulent representations in an action to rescind a contract *(Sabo v Delman,* 3 NY2d 155; *Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 86). The rule is otherwise where there is a specific disclaimer *(Danann Realty Corp. v Harris,* 5 NY2d 317; *Wittenberg v Robinov,* 9 NY2d 261). However, this "exception in cases of specific merger clauses" has been characterized as "limited" (see *Barash v Pennsylvania Term. Real Estate Corp., supra,* p 86). On this record, whether the plaintiffs should have discovered that the basement was flooded after heavy rains is a question of fact (see *Taylor v Heisinger,* 39 Misc 2d 955, 957–958). It was therefore error to grant summary judgment to the defendants. Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.