JAMES R. ECKER et al., Appellants, v LUCY S. WRIGHT, Respondent. —Judgment unanimously reversed, with costs, and motion denied. Memorandum: This action was instituted to recover damages for alleged fraud and breach of contract with respect to defendant's sale of her private residence to plaintiffs, and for other relief. Without answering the complaint defendant moved to dismiss on the ground that it is founded on a written contract as documentary evidence which shows on its face that plaintiff has no cause of action (CPLR 3211, subd [a], par 1). Thus, if any provable cause of action can be spelled out from the complaint the motion should be denied (see American Ind. Contr. Co. v Travelers Ind. Co., 42 NY2d 1041, 1043). Defendant contends that the complaint fails to satisfy CPLR 3016 (subd [b]), for failure to state in detail the circumstances of the alleged fraud. That statute, however, only requires that the complaint allege the misconduct complained of in sufficient detail to inform the defendant of the substance of the claim, and this complaint clearly does that (Lanzi v Brooks, 43 NY2d 778, 780; see Siegel, New York Practice, § 216, p 257). The contract for the sale of the property is made a part of the complaint. Therein defendant represented that the quantity of water produced from the private well on the premises is adequate for all uses that the seller (defendant) is making of the premises. The proper interpretation of the contract, as to the extent of defendant's representation concerning the quantity of water which the well produces, presents a question of fact. The existence of the other necessary elements of an action for fraud, including whether plaintiff relied upon the representation also presents questions of fact (see Galgani v Fleming, 56

AD2d 644, 645; *Forest Bay Homes v Kosinski,* 50 AD2d 829). Moreover, before delivery and acceptance of the deed, the parties expressly agreed in writing that the contract provisions would survive and that the rights and obligations of the parties would be determined thereunder as if the deed had not been delivered and entered. Thus, the contract cause of action for breach of warranty exists, and questions of fact are presented with respect thereto. Special Term erred, therefore, in granting the motion. (Appeal from judgment of Chautauqua County Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.