■ ROBERT BENSON et al., Respondents, v LINDA M. WHITE et al., Appellants, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered April 28, 1978 in Albany County, which denied a motion by the defendants White to dismiss the complaint. In 1974 plaintiffs purchased a five-unit apartment building in the City of Albany upon an alleged representation by the sellers, the defendants herein, that it complied with existing zoning ordinances and regulations. Claiming they have since been advised by municipal officials that only two units are permitted within the structure, plaintiffs instituted the present action in 1977 seeking, *inter alia,* damages on a theory of fraud. Defendants moved to dismiss the complaint and for summary relief on the ground that certain provisions of the contract of sale barred the action. Special Term disagreed and this appeal by defendants ensued. We are not impressed by defendants' claim that the supposed misrepresentation arguably concerned a matter of legal opinion (see *National Conversion Corp. v Cedar Bldg. Corp.,* 23 NY2d 621, 629), and the general merger clause of the contract of sale would not exclude parol evidence of its utterance *(Sabo v Delman,* 3 NY2d 155). Moreover, in our opinion, the separate contract term reciting that the premises were to be transferred "subject to all * * * zoning laws" is not sufficient to convert the otherwise general language of the merger clause into a specific disclaimer (cf. *Danann Realty Corp. v Harris,* 5 NY2d 317; *Crowell-Collier Pub. Co. v Josefowitz,* 5 NY2d 998; *Galgani v Fleming,* 56 AD2d 644). Accordingly, while they may find it difficult to establish the element of deceit at trial (see *Cudemo v Al & Lou Constr. Co.,* 54 AD2d 995), plaintiffs are not precluded from the attempt by anything contained in the subject contract. However, plaintiffs have failed to allege another requisite element of a fraud cause of action, *scienter* (see *Ochs v Woods,* 221 NY 335, 338). Special Term upheld the present complaint on the basis that it adequately pleaded such a cause of action and did not reach or pass upon plaintiffs' remaining causes of action. Those issues have not been fully addressed by the parties or considered by us on this appeal. Although the present order should be reversed on the issue which was decided, plaintiffs should be granted leave to replead if they so desire. Order reversed, on the law, with leave to plaintiffs to replead if they be so advised, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.

## (October 12, 1979)

■ In the Matter of the Application of GEORGE A. BECK for Reinstatement as an Attorney.—Application for reinstatement by petitioner, who was suspended from the practice of law for a period of one year by order dated April 7, 1978. The application was referred to the Committee on Professional Standards for the Third Judicial Department, which reported that it had no additional complaints outstanding against petitioner, and to the Committee on Character and Fitness for the Third Judicial District, which has recommended approval. Application granted and petitioner reinstated as an attorney and counselor at law upon entry of an order in accordance herewith. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.