■ James E. O'Keeffe et al., Appellants, v James Hicks et al., Respondents.—In an action to recover damages for fraud, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County, entered January 17, 1979, which is in favor of the defendants, upon the granting of the latters' motion for summary judgment. Judgment reversed, on the law, with $50 costs and disbursements, motion for summary judgment denied, and complaint reinstated. The purchasers of a one-family residence seek recovery from the sellers for damages incurred when the basement of the house was flooded. The plaintiffs claim that on two occasions, the first of which occurred prior to the signing of the contract and the second shortly before the closing, the sellers made fraudulent oral representations to the effect that the premises were free from a "water problem" or from a "leakage or seepage problem". The sellers admit that water did accumulate in the basement of the premises during periods of heavy rain, but deny that they made any representations on the matter and assert the affirmative defense of merger. The contract contains the following provisions: "The purchasers have inspected premises and agree to take same 'as is' no representation or warranties other than as expressly set forth herein having been made by sellers or any one acting on their behalf, except that sellers represent that heating, plumbing and electrical systems and applicances are and will be in working order at closing, and said warranties shall terminate upon closing. * * * It is understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other. The purchaser has inspected the buildings standing on said premises and is thoroughly acquainted with their condition." "It is well established that a general 'boiler-plate' merger clause is ineffective to preclude judicial inquiry into specific allegations of fraud" *(Forest Bay Homes v Kosinski,* 50 AD2d 829). Further, "where the complaint states a cause of action for fraud, the parol evidence rule is not a bar to showing the fraud—either in the inducement or in the execution—despite an omnibus statement that the written instrument embodies the whole agreement, or that no representations have been made" *(Danann Realty Corp. v Harris,* 5 NY2d 317, 320). The exception made in cases of specific merger clauses is "limited" *(Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 86; *Danann Realty Corp. v Harris, supra).* The *Danann* case was predicated on the fact that in the contract the purchaser specifically disclaimed reliance on representa-

tions with respect to "the very matter as to which he claimed he was defauded" (see *Magi Communications v Jac-Lu Assoc.*, 65 AD2d 727, 728; *Forest Bay Homes v Kosinski, supra,* p 829). In the absence of a specific disclaimer, judicial inquiry into specific allegations of fraud is not precluded by the parol evidence rule irrespective of the nature of the remedy sought, i.e., rescission or money damages, or whether suit is commenced prior, or subsequent, to the passing of title (see *Dongan Constr. Corp. v R.O.D. Land Developers,* 61 AD2d 1001; *Galgani v Fleming,* 56 AD2d 644; *Forest Bay Homes v Kosinski, supra; Todd v Pearl Woods, Inc.,* 20 AD2d 911, affd 15 NY2d 817; *Sabo v Delman,* 3 NY2d 155; *Crowell-Collier Pub. Co. v Josefowitz,* 5 NY2d 998; *Fitzgerald v Title Guar. & Trust Co.,* 290 NY 376, 378-379, remittitur amd 290 NY 924; *Krumm v Beach,* 96 NY 398, 405-406). On this record, whether the plaintiffs should have discovered that the basement was flooded after heavy rains is a question of fact (see *Galgani v Fleming, supra).* Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.