■ MICHAEL W. WELCH et al., Appellants, v A. JACK SHIFFMAN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered April 9, 1980 in Ulster County, which granted defendants' motion to dismiss the complaint. Plaintiff Michael W. Welch entered into a contract with defendant A. Jack Shiffman to purchase certain real property in the Town of Lloyd, Ulster County, allegedly upon the understanding that the parcel possessed frontage along the Hudson River. The agreement, dated May 29, 1974, was subject to a number of conditions, including the "state of facts that an accurate survey will show." Welch made the required down payment and commissioned a survey. Through plaintiff Patentee Construction, Inc., of which he was sole stockholder, officer and director, Welch then made certain improvements to the premises. However, when the survey was completed, it was disclosed that, in fact, the property did not contain any frontage on the Hudson River. Accordingly, Welch refused to consummate the transaction and filed a mechanic's lien on behalf of Patentee Construction, Inc., for the value of the improvements. Subsequently, defendant Shiffman conveyed the same premises to defendant Mancini for $500 less than the original contract price with Welch. In a prior action between these parties, the complaint contained three separate causes of action: (1) to foreclose the mechanic's lien, (2) for damages for breach of contract, and (3) for damages for unjust enrichment. It was dismissed in its entirety upon motion by the defendants. Special Term addressed each cause of action. First, since a timely notice of pendency was not filed, the effort to foreclose the mechanic's lien was barred; second, since the contract contained a merger clause, any oral representations about river frontage were beyond the scope of the written agreement; and third, since there was no allegation of fraud or bad faith, a claim for unjust enrichment could not be maintained (see *Walton v Meeks,* 120 NY 79). There was no appeal from those determinations. The instant action, thereafter commenced, contains but two causes of action. The first sounds in fraud against Shiffman, alleging that he induced Welch to

enter into the contract by falsely representing the existence of frontage along the Hudson River. The second asks for rescission of the conveyance to Mancini, asserting that the transfer was without fair consideration in fraud of creditors. This appeal by plaintiffs ensued when Special Term dismissed both causes of action. We agree with Special Term that the complaint does not state a cause of action against defendant Mancini. Although a mechanic's lien survives a transfer of title, the mere sale of property subject to such a lien does not give rise to the cause of action pleaded herein (cf. *Morse, Inc. v Rentar Ind. Dev. Corp.,* 56 AD2d 30, 35, affd 43 NY2d 952). However, in our view, the fraud cause of action against Shiffman should not have been dismissed on *res judicata* grounds. In order to apply that doctrine, the second action must involve the same cause of action advanced in the prior litigation *(Matter of Reilly v Reid,* 45 NY2d 24). The determination of whether it is the same cause of action may depend on what facts are necessary to sustain each action. If the evidence required to prove the second varies materially from that needed in the first, there should be no bar (see *Smith v Kirkpatrick,* 305 NY 66, 72). Here, the former cause of action for breach of contract was based upon express liability discoverable within the terms of the written agreement, while the present cause of action for fraud and deceit is predicated on the violation of a duty of honesty and fair dealing. Since different proof is required to establish each cause of action, the prior judgment is not a barrier to the present action *(Lipkind v Ward,* 256 App Div 74, 78-79; cited with approval in *Matter of Reilly v Reid, supra).* Order modified, on the law and the facts, by reversing so much thereof as dismissed the first cause of action and by reinstating the complaint containing said cause of action, and, as so modified, affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.