■ FASIG-TIPTON COMPANY, INC., Respondent, v RONALD JAFFE et al., Appellants. — In an action, *inter alia,* to recover (1) moneys due and owing from the auction sale of horses and (2) the expenses incurred upon the resale of said horses, defendants appeal from so much of an order of the Supreme Court, Nassau County (Wager, J.), entered December 2, 1980, as granted summary judgment in favor of plaintiff on the first cause of action, in the principal sum

of $50,677.82. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and plaintiff's motion for summary judgment as to the first cause of action is denied. Triable issues of fact exist as to whether plaintiff made the alleged representations and assuming, *arguendo,* that such representations were in fact made, whether defendants relied upon them in entering into the resale agreement. In this regard, we are not persuaded by plaintiff's contention that defendants' liability, under the terms of the resale agreement, for any deficit resulting upon the resale, necessarily negates defendants' allegations of reliance upon the alleged representations. Unlike *Wittenberg v Robinov* (9 NY2d 261), *Danann Realty Corp. v Harris* (5 NY2d 317), *Wilson v Gelarie* (80 AD2d 850) and *O'Keeffe v Hicks* (74 AD2d 919), wherein it was observed that a merger clause containing a specific disclaimer of the very representations upon which a cause of action in fraud is predicated will preclude inquiry into the alleged representations because there could be no reliance, the resale agreement does not contain a specific disclaimer. That defendants, under the terms of the resale agreement, were liable for any deficit resulting upon the resale, is not the equivalent of a specific disclaimer. The possibility of a deficit is not logically inconsistent with alleged representations that there would be a profit upon the resale. Under the terms of the resale agreement, the possibility of a deficit was not contingent solely upon whether a profit was realized. Certainly, if the profit did not exceed the expenses incurred by plaintiff on the resale, for which defendants were also liable, a deficit would nonetheless result. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.