■ MICHAEL MOST et al., Appellants, v DONALD MONTI et al., Respondents. — In an action to, *inter alia,* recover damages for fraud, plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated August 11, 1981, which granted the defendants' motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for an injunction *pendente lite* as academic. Order affirmed, with $50 costs and disbursements. Plaintiffs purchased a racquet and health club from the defendants for over $1,300,000. They allege in their complaint that during negotiations leading to the sale, defendant Donald Monti falsely represented to plaintiff Michael Most, that the real property and improvements were fully assessed and that the amount of current and projected taxes was based upon said full assessment. It is further alleged that in ignorance of its falsity, the plaintiffs relied upon that misrepresentation in entering into the contract of sale. In an affidavit opposing defendants' motion to dismiss the complaint, plaintiff Michael Most asserted that had he known prior to closing of title that the property was not fully assessed, he either would not have made an offer to purchase the facility, or else he would have offered a lower purchase price and less favorable terms. We do not agree with Special Term's finding that the complaint should be dismissed upon the ground that the language of the merger clause set forth in paragraph 22 of the contract precludes a claim based on allegedly fraudulent misrepresentations. The paragraph states in relevant part: "22. *Sole agreement of parties.* All· understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other". It is well established that a general "boiler-plate" merger clause is ineffective to preclude judicial inquiry into specific allegations of fraud (*Forest Bay Homes v Kosinski,* 50 AD2d 829). Neither the merger clause, nor any other provision of the contract of sale, precludes the purchasers from now claiming that they relied upon a misrepresentation by defendant Monti that the subject real property and improvements thereon were fully assessed (see *Wilson v Gelarie,* 80 AD2d 850; *Danann Realty Corp. v Harris,* 5 NY2d 317; *Fassig-Tipton Co. v Jaffe,* 87 AD2d 835, 836). Nevertheless we affirm. It is clear that information as to whether or not the subject parcel and its improvements were fully assessed was readily available to plaintiffs upon their making reasonable inquiry. What plaintiffs seek in this instance is an implausible finding that an experienced businessman such as plaintiff Michael Most, in assuming a major proprietary interest in a commercial enterprise, and incurring a heavy financial obligation, did so on verbal assurances given him by one of the defendants that the property was fully assessed (see *Marine Midland Bank v Palm Beach Moorings,* 61 AD2d 927, 928). The following principle articulated by the Court of Appeals in *Danann Realty Corp. v Harris* (*supra,* p 322, citing *Schumaker v Mather,* 133 NY 590, 596), is especially applicable herein: " '[I]f the facts represented are not matters peculiarly within the party's knowledge, and the other party has means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to

enter the transaction by misrepresentations.' " Under the circumstances plaintiffs failed unreasonably to investigate the truth of the alleged misrepresentation (see *Edmar Creations v Instrument Systems Corp.,* 75 AD2d 632). Titone, J. P., Brown, Rubin and Boyers, JJ., concur.