■ MICHAEL W. WELCH et al., Respondents, v A. JACK SHIFFMAN, Appellant, et al., Defendant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered March 10, 1983 in Ulster County, upon a verdict rendered at Trial Term (Connor, J.). ¶ In 1972, defendant A. Jack Shiffman decided to sell a house on seven acres of land in the Town of Lloyd in Ulster County. The property was listed with a local real estate broker and an advertisement was placed in the *New York Times*. Both the listing and the advertisement represented the property as having 700 feet of "frontage" on the Hudson River. Plaintiff Michael W. Welch was not aware of the listing or the advertisement; he learned about the property by word of mouth. According to Welch, when he and Shiffman visited the property, Shiffman assured Welch that the property included 1,200 feet of frontage on the Hudson River. On May 29, 1974, the parties entered into a contract for the purchase of the property. The contract contained a complicated description of the property, a provision allowing the purchaser to go on the property to make improvements before the closing, and a general merger clause. It also provided for a down payment of $1,500, which Welch paid. ¶ After signing the contract, Welch went on the property in order to rehabilitate the dilapidated premises. On September 4, 1974, a survey revealed that the property included no river frontage. Upon learning this, Welch refused to close at the original price, but remained on the property. Shiffman apparently refused to negotiate the price, and thereafter evicted Welch and resold the property to defendant Jane Mancini. Welch, a contractor and sole owner of plaintiff Patentee Construction, Inc., filed a mechanic's lien for the amount of labor and materials that he had devoted to the improvement of the property. ¶ Plaintiffs began an action seeking foreclosure of the mechanic's lien, damages for unjust enrichment, and damages for breach of contract. When this action was dismissed, plaintiffs then began an action based on tort, asserting that Shiffman's fraudulent claims of river frontage entitled him to damages. This action, which also contained a cause of action seeking rescission of the conveyance made to Mancini, was also dismissed by

Special Term; however, this court allowed plaintiffs to proceed against Shiffman on the fraud cause of action (*Welch v Shiffman,* 80 AD2d 683). ¶ At trial, the trial court admitted into evidence, over the protests of Shiffman's counsel, the real estate broker's listing and a list prepared by Welch in 1974 of the estimated value of the labor and materials devoted to the rehabilitation of the premises. Shiffman rested at the close of plaintiffs' case, and moved for a directed verdict. The trial court reversed decision and proceeded to the charge. The jury returned a verdict for plaintiffs in the amount of $15,000. This appeal by Shiffman ensued. ¶ Shiffman argues that Welch's reliance upon any misrepresentations could not be reasonable because his inspection of the premises, coupled with his own experience and that of his attorney, must have revealed to him that the property did not include river frontage. However, a review of the record reveals that there was ample evidence from which the jury could find that Welch reasonably relied on the misrepresentations of Shiffman. ¶ Shiffman next contends that the real estate broker's listing, which represented that the property had 700 feet of river frontage, was hearsay and, accordingly, was improperly admitted into evidence. Plaintiffs' entire claim is predicated on the theory that any such assertion was false. Thus, plaintiffs did not offer the listing *for the truth* of the matter asserted; rather, it was offered to show that the statement was made. It was admissible for this purpose (see *Toll v State of New York,* 32 AD2d 47, 49). Plaintiffs wished only to demonstrate that these representations had been made in other attempts to sell this property, thus making it more likely that such representations were made to Welch when an effort was made to sell him the property. ¶ We now turn to Shiffman's contention that plaintiffs' list of the values of the improvements and repairs was improperly admitted into evidence. A review of the record indicates that Welch, who prepared the list, had been a contractor for 29 years. As such, Welch, in his testimony, expanded upon and attested to the accuracy of the information contained on the list in question. Consequently, we are of the opinion that this list was properly admitted into evidence (see Richardson, Evidence [10th ed], §§ 465, 474, pp 453-454, 466). ¶ We have examined Shiffman's remaining contentions and find them to be without merit. The jury's verdict was amply supported by the evidence. The judgment must, therefore, be affirmed. ¶ Judgment affirmed, with costs. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.