■ MICHAEL CARAMANTE et al., Respondents, v EUGENE BARTON et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Ingraham, J.), entered

February 11, 1985 in Otsego County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action or, in the alternative, for a change of venue.

On April 27, 1984, plaintiffs entered into a contract to purchase defendants' one-family home located in the Village of Unadilla, Otsego County, for $38,000. By its terms, the contract was contingent on plaintiffs assuming an existing mortgage in the amount of $21,000 held by the Mechanic's Exchange Savings Bank (the Bank). At the closing held on June 22, 1984, defendants signed a document entitled "Certificate by Seller or Owner: Rural Water and Septic System" (the certificate) which the mortgagee bank required. The certificate read in pertinent part:

"B. That the septic system for said real property consists of: leach field & tank

"C. That the aforesaid water well and septic system are adequate and functioning properly and are within the boundary lines of the property.

"This certification is made by the undersigned knowing and intending that the Mechanic's Exchange Savings Bank will rely thereon in approving or making a mortgage loan on said property."

Shortly after the conveyance, plaintiffs discovered that the septic system consisted of a cesspool, not a tank and leach field, and that an oil tank on the premises had a large hole in it. After replacing the septic system at a cost of $1,426.75 and the oil tank at a cost of $348.03, plaintiffs commenced the instant action seeking damages for fraud. Specifically, plaintiffs alleged breach of the June 22, 1984 certificate and alleged that defendants fraudulently misrepresented the suitability of the septic system and the oil tank. Defendants' motion to dismiss for failure to state a cause of action or, alternatively, for removal to the Justice Court of the Village of Unadilla was denied in its entirety. This appeal ensued.

Initially, we note that while defendants repeatedly refer in their brief to Special Term's denial of their request for "summary judgment", the record fails to indicate that the court treated the instant motion as a motion for summary judgment (see, CPLR 3211 [c]). Thus, our inquiry is whether any provable cause of action may be gleaned from the complaint (see, Ecker v Wright, 69 AD2d 1012).

Turning to the merits, defendants maintain that since the certificate was made only to the Bank, plaintiffs were not entitled to rely on it. Special Term, relying on Tindle v

*Birkett* (171 NY 520), found otherwise, since the certificate was made for the purpose of consummating the closing. We find the analogy to *Tindle* entirely appropriate. There, the Court of Appeals allowed the plaintiffs to recover damages from a defendant who supplied false information to a third party in order to obtain a beneficial credit rating, which the plaintiffs relied upon to their detriment. Defendants' attempt to distinguish *Tindle* by suggesting that the certificate was never intended for anything other than bank purposes is belied by the document itself, which specifically identifies plaintiffs as the purchasers of the subject parcel, and who applied for a mortgage loan from the Bank. As in *Tindle,* the information supplied by defendants served as a basis for the extension of mortgage credit to plaintiffs, who in turn utilized this credit to finance the purchase of the house. Nor did the contract of sale bar plaintiffs from relying on a certification made after the contract was signed. The contract specifies that it "shall be deemed cancelled, null and void" after notification in the event of mortgage disapproval. Since the Bank presumably required the certificate prior to an extension of credit, plaintiffs' reliance is anticipated by the contract terms. Finally, the language of the certificate and the surrounding circumstances indicate that defendants were well aware that plaintiffs were the intended beneficiaries of the extension of credit *(cf. Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 79).

Next, defendants claim that the contractual "as is" and general "merger" clauses* preclude the introduction of any prior representations concerning the septic system and oil tank. We disagree. The general "merger" and "as is" clauses set forth in this contract do not shield defendants from judicial inquiry into specific allegations of fraud in the inducement of the contract *(Sabo v Delman,* 3 NY2d 155; *Forest Bay*

---

* These provisions are as follows:

"9. CONDITION OF PREMISES:

The Purchaser has inspected the buildings standing on the premises and the personal property included in this sale and is thoroughly acquainted with their condition and agrees to take title "as is" and in their present condition subject to reasonable use, wear, and natural deterioration between the date thereof and the transfer of title * * *

"14. ENTIRE AGREEMENT:

This contract contains all agreements of the parties thereto. There are no promises, agreements, terms, conditions, warranties, representations or statements other than contained herein. This agreement shall apply to and bind the heirs, legal representatives, successors and assigns of the respective parties."

*Homes v Kosinski,* 50 AD2d 829; *Arena v Hegyhaty,* 30 AD2d 808; *Benitez v Martinez,* 1 AD2d 959; *Massler v Smit,* 279 App Div 941, 942, *appeal dismissed* 304 NY 719). Nor may these clauses, taken together, be considered a specific disclaimer *(see, Danann Realty Corp. v Harris,* 5 NY2d 317, 320) sufficient to preclude parol evidence of fraud *(see,* 24 NY Jur, Fraud and Deceit, §§ 236-238 [1962]). Basically, it remains a question of fact whether defendants misrepresented the condition of the septic system and oil tank, and whether plaintiffs reasonably acted in reliance on these statements. Plaintiffs bear the burden of proof on these issues *(Mix v Neff,* 99 AD2d 180, 182-183).

Defendants also claim that the Statute of Frauds prevents plaintiffs from introducing oral representations as to the quality of the oil tank. The Statute of Frauds (General Obligations Law § 5-703) applies to representations concerning real estate, but will not be utilized to perpetrate a fraud. In the event that plaintiffs demonstrate a fraudulent misrepresentation relating to the oil tank, the Statute of Frauds will not serve to defeat the claim.

Finally, given the nature of the action and the fact that defendants no longer reside in the Village of Unadilla, Special Term did not abuse its discretion by denying defendants' request for a change of venue to the Justice Court of the Village of Unadilla *(see, Nardone v McQueeney,* 25 AD2d 900).

Order affirmed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.