■ HARLAND B. SNYDER et al., Respondents, v SANDRA J. POTTER, Appellant.—Harvey, J. Appeal (1) from an order of the Supreme Court (White, J.), entered June 13, 1986 in Montgomery County, which granted plaintiffs' motion for summary judgment, and (2) from the judgment of foreclosure and sale entered thereon.

In 1980, plaintiffs decided to sell a portion of a parcel of real property which they owned in the Town of Minden, Montgomery County. The property was listed as including, *inter alia,* approximately four acres of land. Defendant visited the property and plaintiffs purportedly showed her the boundaries of the portion which they were selling, stating to her that the portion contained four acres. Defendant then entered into a contract to purchase the "four + acres" from plaintiffs. On April 30, 1981, less than a week before the closing, plaintiffs transferred by three separate deeds portions of their parcel to various relatives. The deed delivered to defendant at the closing excepted the property in these three unrecorded deeds from transfer to defendant. Also as part of the transaction, plaintiffs received a purchase-money mortgage from defendant in the amount of $30,000.

For nearly four years defendant possessed the entire parcel as it had been represented to her by plaintiffs. However, in January 1984 she was informed that the deeds executed on April 30, 1981 had, in fact, conveyed part of the four acres which defendant thought she was purchasing to plaintiffs' relatives. In January 1985, defendant commenced an action against plaintiffs alleging fraud and breach of contract. She ceased making mortgage payments to plaintiffs and they subsequently commenced the instant foreclosure action. Defendant asserted fraud as an affirmative defense and as a counterclaim to the foreclosure action and incorporated the allegations of the complaint in the action she had previously commenced into her answer to the foreclosure action. Plaintiffs moved for summary judgment on the foreclosure action. Supreme Court granted the motion and this appeal ensued. The foreclosure sale has been stayed pending resolution of this appeal.

Initially, defendant contends that plaintiffs failed to submit sufficient proof to entitle them to summary judgment on the foreclosure of the mortgage. We cannot agree. Plaintiff Harland B. Snyder submitted an affidavit in which he listed the dates on which defendant failed to make payments on the note and mortgage. He stated that a balance of $5,099.36 with interest was due and owing. He annexed a copy of the mortgage which showed defendant as mortgagor and plaintiffs as mortgagee. There is no evidence that the mortgage had been transferred or assigned. Defendant does not contest the fact that she is the mortgagor of the subject mortgage and that timely payments have not been made. It is thus evident that plaintiffs have established a prima facie case of ownership and nonpayment *(see, Gandy Mach. v Pogue,* 106 AD2d 684, 685, *lv denied* 64 NY2d 608; *Isaacson v Karpe,* 84 AD2d 868).

Defendant next argues that she raised a question of fact as to fraud and, thus, summary judgment on the foreclosure action should have been denied. Material misrepresentations by a seller as to the boundaries of a parcel of land or the quantity of property which are reasonably relied upon by the purchaser may constitute fraud *(see, Belknap v Sealey,* 14 NY 143; *Welch v Shiffman,* 101 AD2d 948, *lv denied* 63 NY2d 609; 60 NY Jur 2d, Fraud & Deceit, §§ 53, 54, at 517-518). Allegations of such fraudulent representations may be asserted as a defense or counterclaim to an action to foreclose a purchase-money mortgage *(see, Forest Bay Homes v Kosinski,* 50 AD2d 829; *Arena v Hegyhaty,* 30 AD2d 808; *Hall v Grays,* 227 App Div 337). Here, defendant asserts that the listing, contract of sale and oral representations by plaintiffs all indicated that she was purchasing four acres of land. She had purportedly been shown specific boundaries by plaintiffs. The land actually conveyed, however, allegedly contains less than four acres and has boundaries significantly different from those which had been pointed out by plaintiffs. These allegations raise issues of fact as to whether defendant was fraudulently induced into purchasing the property and giving a note and mortgage to plaintiffs.

Finally, plaintiffs contend that proof of defendant's allegations of fraud are precluded by the merger doctrine. That doctrine provides that prior agreements merge in the deed and are not admissible to vary the terms of the written instrument *(Davis v Weg,* 104 AD2d 617, 619). The merger doctrine, however, is not applicable to a cause of action based on fraud *(see, Caramante v Barton,* 114 AD2d 680, 682; 43 NY Jur 2d, Deeds, § 244, at 450).

Order and judgment reversed, on the law, without costs, and motion denied. Kane, J. P., Main, Mikoll, Levine and Harvey, JJ., concur.