■ LUCILLE MOYE, Respondent, v H.L. GREEN, INC., et al., Appellants.—Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered on May 23, 1989, which denied defendant's motion for a change of venue, and order of that same court, entered on September 13, 1989, to the extent that it granted renewal but adhered to its prior determina-

tion, are unanimously affirmed, without costs or disbursements.

Plaintiff, a resident of Westchester County, was injured in defendant's store, also located in Westchester County. Plaintiff commenced this action in New York County, defendant's county of residence. Thereafter, defendant sought to change venue from New York County to Westchester County based on the convenience of the witnesses (CPLR 510 [3]). The Supreme Court denied the motion, finding the papers insufficient. We agree that a review of the record indicates that defendant's motion papers do not adequately establish that the witnesses would be inconvenienced if venue remained in New York County. Moreover, while the moving papers in effect set forth the names and addresses of the witnesses, the expected testimony and materiality of the testimony were not stated *(Thomas v Small,* 121 AD2d 622; *Nardone v McQueeney,* 25 AD2d 900; CPLR 510 [3]). Accordingly, the court did not abuse its discretion in denying the motion *(Palmer v Chrysler Leasing Corp.,* 24 AD2d 820). Concur—Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.