■ EUGENE M. LAWLOR et al., Respondents, v ROBERT J. ENGLEY et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 17, 1989 in Greene County, which, *inter alia,* denied defendants' motion to dismiss the complaint for failure to state a cause of action.

In June 1988, plaintiffs purchased from defendants certain real property, containing a residential building equipped with a well, located in the Town of Cairo, Greene County. The sale of the property proceeded without any prior written agreement. Within a week after delivery of the deed, plaintiffs' counsel sent a letter to defendants stating that, contrary to the representation made by defendants at the closing, plaintiffs had discovered that the well on the property was dry and that it had been in that condition for a considerable period of

time prior to closing. Thereafter, plaintiffs commenced this action seeking to recover damages for the cost of redrilling the well. In their complaint, plaintiffs asserted a first cause of action for fraud and a second cause of action purportedly for punitive damages.

Defendants then moved to dismiss the complaint for, *inter alia,* failure to state a cause of action. Supreme Court denied defendants' motion as to the first cause of action. However, it dismissed the second cause of action for punitive damages and directed plaintiffs to amend the ad damnum clause of their complaint to include a demand for punitive damages on the fraud cause of action. This appeal by defendants ensued.

The primary point raised by defendants on this appeal is that Supreme Court erred in failing to dismiss the fraud cause of action since the allegedly false representation on which it is based was merged into the deed upon the closing. We disagree. While generally prior negotiations and agreements regarding a sale of land merge into the deed *(see, Snyder v Potter,* 134 AD2d 664, 665; *Davis v Weg,* 104 AD2d 617, 619), the merger doctrine is inapplicable where, as here, a cause of action is based on fraud *(see, Sherman Partners Assocs. v 272 Sherman Assocs.,* 160 AD2d 992; *Snyder v Potter, supra; Caramante v Barton,* 114 AD2d 680, 682; *see also, West 90th Owners Corp. v Schlechter,* 137 AD2d 456, 459). Further, despite defendants' assertion to the contrary, it is not necessary in order to sustain a cause of action for fraud that the allegedly fraudulent representation had been set forth in a written contract *(see, Sabo v Delman,* 3 NY2d 155, 159). Accordingly, Supreme Court properly refused to dismiss plaintiffs' fraud cause of action.

We similarly reject defendants' other claim that Supreme Court erred in allowing plaintiffs' demand for punitive damages to stand. A demand for such damages is properly asserted without any allegation that the alleged fraud was aimed at the public generally *(see, Borkowski v Borkowski,* 39 NY2d 982, 983; *Keen v Keen,* 113 AD2d 964, 965, *lv dismissed* 67 NY2d 602, 646). Thus, Supreme Court correctly ordered plaintiffs to amend their complaint to include a demand for punitive damages on the fraud cause of action *(see, Beck v General Tire & Rubber Co.,* 98 AD2d 756, 757).

Order affirmed, with costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.