■ CHARLES F. EVANS, JR., et al., Respondents, v ISRAELOFF, TRATTNER & Co., et al., Appellants. [617 NYS2d 899] —In an action to recover damages, *inter alia,* for fraud, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered April 12, 1993, as denied those branches of their motion which were for summary judgment dismissing the first, second, third, fourth, and sixth causes of action in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed in its entirety.

From August 1986 through February 1987 the individual plaintiff, Charles F. Evans, Jr., made loans totalling over $300,000 to the corporate plaintiff Robert E. Westfall, Inc. (hereinafter Westfall) in contemplation of eventual stock ownership and employment with Westfall. In March of 1987 Evans became a majority shareholder and employee and Chairman of the Board of Westfall.

The plaintiffs' allegations that Evans, in deciding to invest in Westfall, relied on a letter dated June 27, 1986, between the defendants, who are accountants, and Westfall, in which the defendants agreed to provide various services to Westfall, not including the preparation of certified financial statements, is clearly without merit. There is no evidence of the defendants' knowledge that Evans was a potential investor in Westfall at the time the letter was executed. Moreover, Evans acknowledges that any representations regarding Westfall's financial health were made by its former owner, and not the defendants (see generally, Blair Communications v Reliance Capital Group, 157 AD2d 490, 492, citing Tindle v Birkett, 171 NY 520, 524-525).

Beginning in May 1987, the defendants issued monthly compilations for Westfall, the first compilation reflecting the cash flow of Westfall as of November 1, 1986, through March 31, 1987. Each compilation was accompanied by a cover letter containing a disclaimer, which included the following language, "A compilation is limited to presenting in the form of financial statements information that is the representation of management. We have not audited or reviewed the accompanying financial statements and, accordingly, do not express an opinion or any other form of assurance on them". Following receipt of the first compilation, Evans loaned money to Westfall. Evans continued to receive monthly compilations through January 1988. Each of the compilations showed Westfall having a year to date net loss. Westfall ceased operations in 1989.

As Chairman of the Board and a majority shareholder of Westfall, Evans, who is also an attorney, never requested to see a certified financial report of the company or a copy of Westfall's Federal tax returns. Under these circumstances, Evans has not shown justifiable reliance on alleged mispresentations made by the defendants in the compilations in making his investment decisions (see, Most v Monti, 91 AD2d 606; Danann Realty Corp. v Harris, 5 NY2d 317, 322; Grumman Allied Indus. v Rohr Indus., 748 F2d 729, 737-738).

We have reviewed the remaining allegations in the complaint and find that they failed to state a cause of action. Accordingly, the complaint should have been dismissed in its entirety. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.