■ BRODY TRUCK RENTAL, INC., et al., Plaintiffs, v COUNTRY WIDE INSURANCE COMPANY et al., Appellants, and TRUCK RITE DISTRIBUTION SYSTEMS CORP., Respondent. [640 NYS2d 557] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered December 20, 1994, which, denied defendants-appellants' motion seeking discontinuance with prejudice of the cross claims against them by defendant Truck Rite Distribution Systems Corp. in accordance with a stipulation of settlement, or, alternatively, summary judgment in favor of defendant Country Wide Insurance Company dismissing Truck Rite's cross claims against it, unanimously modified, on the law, to the extent of granting Country Wide Insurance partial summary judgment and dismissing Truck Rite's cross claims except for the breach of insurance policy claim, and otherwise affirmed, without costs.

We reject defendants-appellants' contention that the cross claims were rendered moot because they were predicated only upon Country Wide Insurance Company's refusal to defend and to indemnify plaintiffs in the underlying negligence action. Although inartfully drafted, Truck Rite's cross claims indicate that it was seeking relief based on other matters, since Truck Rite stated that Country Wide's refusal to defend and indemnify was just "part and parcel of a continuous, intentional and wrongful course of conduct by [Country Wide in failing] to fulfill its obligations to its insured".

Issues of material fact remain as to whether Country Wide improperly canceled its coverage of Truck Rite, including when coverage actually was terminated, the reason for termination and whether Truck Rite's failure to procure coverage following Country Wide's oral notice of cancellation affected Truck Rite's ability to conduct business with customers. However, to the extent that Truck Rite alleged claims for fraud, "tortious interference with business" and punitive damages, those claims are dismissed. The fraud claim is patently insufficient, since Truck Rite merely speculates that a superseding cancellation notice was "fabricated" two years later by Country Wide for litigation purposes. Moreover, as Country Wide notes, there is no evidence that Country Wide intentionally induced a third party to breach a contract with Truck Rite. Finally, there is no basis for an award of punitive damages. Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.