■ SALVATORE BUCCELLA, Appellant, v HOFSTRA UNIVERSITY et al., Respondents. [733 NYS2d 346] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about September 25, 2000, which denied plaintiff's motion to reargue a prior order granting defendants' motion to change venue from New York County to Nassau County, deemed to have granted reargument, and, upon reargument, to have adhered to the prior order, and, so considered, unanimously affirmed, without costs.

The motion court, while stating in the order on appeal that reargument is denied, in effect granted reargument in a reconsideration that actually decided the motion on a different ground; accordingly, the order is appealable (*see, Centennial Restorations Co. v Wyatt*, 248 AD2d 193, 197-198). Pursuant to CPLR 510 (3), venue was properly changed to Nassau County based upon the convenience of material witnesses in a personal injury action that arose in Nassau County (*see, Neos v Crabby Joe's*, 241 AD2d 337). Concur—Tom, J. P., Andrias, Lerner, Saxe and Buckley, JJ.

■ PHILIP BLAKE, Respondent, v UNIVERSITY OF ROCHESTER, Appellant, et al., Defendant. [733 NYS2d 347] —Order, Supreme Court, New York County (Paula Omansky, J.), entered May 21, 2001, which denied defendant's motion pursuant to CPLR 510 (3) for a change of venue to Monroe County, unanimously affirmed, without costs.

The motion was properly denied for failure to describe the substance and explain the materiality of the expected testimony of the only witness who defendant asserts would be inconvenienced by a trial in New York County (*see, Pellegrino v File*, 283 AD2d 266; *Moye v H.L. Green, Inc.*, 159 AD2d 242). In addition, both plaintiff and his treating physician reside in New York County. Concur—Tom, J. P., Andrias, Lerner, Saxe and Buckley, JJ.