■ JUDLAU CONTRACTING, INC., Appellant, v WESTCHESTER FIRE INSURANCE COMPANY et al., Respondents. [851 NYS2d 391]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered January 5, 2007, which effectively granted reargument but adhered to an earlier order dismissing the complaint against both defendants, unanimously modified, on the law, the complaint reinstated as against defendant Westchester Fire, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered August 11, 2006, which granted the initial motion to dismiss, unanimously dismissed, without costs, as superseded by the appeal from the January 5, 2007 order.

In April 2004, plaintiff was impleaded in an underlying action in which Bloomingdales alleged it had incurred property damage in February 2002 as a result of work performed by the New York City Transit Authority. In August 2004, plaintiff tendered its defense as an additional insured in that action to Westchester Fire, which had issued an insurance policy to plaintiff's subcontractor, Janus Industries, for the period August 13, 2001 to August 13, 2002.

In November 2004, plaintiff impleaded Janus in the underlying action, alleging that Janus had entered into a contract dated October 1, 1998, which was in effect in 1999, and performed work on the Transit Authority project. In August 2005, plaintiff tendered its defense in the underlying action to defendant Com-

mercial Underwriters, which had issued a policy to Janus that was in effect for the period June 18, 1999 through June 18, 2000, and also named plaintiff as an additional insured.

After Westchester Fire refused to accept the tender and Commercial Underwriters disclaimed coverage, plaintiff commenced the instant action, seeking a declaration of entitlement to a defense and indemnification from each insurer. Defendant insurers each moved to dismiss on the ground that its policy did not provide coverage with respect to the occurrence alleged in the underlying action. Westchester Fire contended that although Bloomingdales alleged the damage occurred in February 2002, under the terms of the insurance policy, any damage had actually occurred in September 1999, which was prior to the effective date of its policy. Commercial Underwriters contended that its coverage was not implicated by the pleadings in the underlying action, and in any event, plaintiff failed to provide timely notice of the lawsuit. Meanwhile, in the underlying action, the Transit Authority and third-party defendants, including plaintiff herein, moved to dismiss Bloomingdales' complaint as time-barred.

The motion court granted the motions to dismiss the underlying action, and simultaneously granted the motions to dismiss the instant action on the ground that the coverage dispute was rendered "academic" by dismissal of the underlying action. Plaintiff moved to reargue, contending that the instant dispute remained justiciable because it still sought to recover the costs of its defense in the underlying action, and that the motions by defendants herein to dismiss should be denied on the merits. Although purportedly denying reargument, the court stated that the notice given by plaintiff to Commercial Underwriters was untimely. In effect, the court granted reargument and then adhered to its original decision with respect to Commercial Underwriters' dismissal motion on the alternate ground of late notice, thus rendering the later order appealable (*Buccella v Hofstra Univ.*, 288 AD2d 118 [2001]).

Plaintiff's delay of nine months from the time it impleaded Janus in the underlying action until notice of the suit was given to Commercial Underwriters was unreasonable as a matter of law, entitling that insurer to dismissal (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332 [2005]; *National Union Fire Ins. Co. v State Ins. Fund*, 1 AD3d 136 [2003], *lv denied* 1 NY3d 508 [2004]). The court erred, however, in granting Westchester Fire's motion to dismiss on this record. The order dismissing the underlying Bloomingdales action did not render the dispute between plaintiff herein and the insurers "academic," since

plaintiff continued to have a claim for litigation expenses incurred in defense of the underlying action (*see Brody Truck Rental v Country Wide Ins. Co.*, 226 AD2d 205 [1996]; *Lewis v Nationwide Mut. Ins. Co.*, 202 AD2d 816, 817 [1994]). Nor did Westchester Fire present documentary evidence sufficient to establish that its policy was not implicated by the allegations in the underlying action. "If the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend" (*Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]). An insurer may escape its duty to defend under the policy "only if it could be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy" (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876 [1976]). Since Westchester Fire failed to present documentary evidence in admissible form sufficient to refute the allegations in the underlying action that property damage had occurred in February 2002, or to establish that any property damage attributable to plaintiff or Janus had occurred in 1999, outside the effective dates of its policy's coverage, it was not entitled to dismissal. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.