■ WEST 90TH OWNERS CORP., Appellant, v ARTHUR D. SCHLECHTER, Respondent.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered August 18, 1987, which granted defendant's motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) and (7) on grounds of the Statute of Limitations and failure to state a cause of action, unanimously modified, on the law, to the extent of denying the motion as to those portions of the first and second causes of action based upon the covenant contained in the

deed conveying the property and reinstating those portions of said causes of action and, except as thus modified, affirmed, without costs or disbursements.

This action arises out of defendant's sale of a 13-story apartment house located at 255 West 90th Street to plaintiff, a tenant-formed corporation which purchased the building, consisting of 39 residential units and five ground-floor storefronts, to initiate a tenant-sponsored cooperative conversion offering plan. The contract of sale, executed on August 9, 1979, provided that in the event the offering plan was not declared effective, plaintiff had no obligation to consummate the sale. It was expressly agreed that defendant would not be subjected to any liability under the plan or be deemed the sponsor thereof. The contract of sale further provided that an attached exhibit contained a true and complete list of all leases to the premises, their rentals, and the expiration date of each lease. In crucial part this exhibit stated that the lease for Argo Restaurant was to expire on November 30, 1987 and called for a rental of $2,000 per month, which was to increase to $2,167 during the last five years. In fact, this representation was false since it omitted the terms of a 1974 modification which extended the term of the lease 7⅓ years to March 31, 1995. In return for such extension, defendant obtained a rent increase of several hundred dollars between April 1980 and the original expiration date of November 1987 and further rent increases thereafter culminating in a $3,000 per month rental for the years 1992-1995. Apparently, this commercial space would bring a much greater return in the present market had the lease expired, as warranted, on November 30, 1987.

The contract did not contain any provision which would carry these lease representations beyond the closing. The contract of sale also provided that defendant would give plaintiff a bargain and sale deed with covenant against grantor's acts conveying title "free from all encumbrances except as herein stated", referring to, *inter alia,* the exhibit containing the list of outstanding leases. Since the Attorney-General's acceptance of the offering plan for filing was unexpectedly delayed, closing of title did not take place until January 6, 1981, at which time a standard form bargain and sale deed with covenant against grantor's acts was delivered. The covenant stated, *inter alia,* that the seller "had not done or suffered anything whereby the said premises have been encumbered in any way whatsoever, except as aforesaid." Plaintiff concedes that it learned of the restaurant lease modification in February 1982. For whatever reason, however, it did

not commence this action until October 28, 1986, over 4½ years later.

The complaint, as amended, states four causes of action: breach of the contract of sale (the representation with respect to the expiration of the restaurant lease); fraud and violations of article 23-A of the General Business Law, the Martin Act, in defendant's alleged false representation in the offering plan that, to his knowledge, there were no inaccuracies in the plan; violation of General Business Law § 352-c for fraud and deception in connection with the offering of securities; and violation of General Business Law § 349 for deceptive acts in the conduct of a business. Two million dollars in compensatory, as well as punitive, damages were sought. Without answering, defendant moved to dismiss pursuant to CPLR 3211 (a) (5) and (7) on the grounds of Statute of Limitations and failure to state a cause of action. An amendment of the complaint, which was calculated to meet defendant's challenge, added to the first two causes of action alleging breach of contract and fraud the theories that defendant was under a continuing duty to disclose the true terms of the restaurant lease, as modified; that the delivery of the deed with covenant against grantor's acts constituted a further breach of contract and perpetration of fraud; and added to the Martin Act and General Business Law § 352-c causes of action the theory that defendant was a "sponsor *ex officio*" of the conversion plan. Thus, plaintiff argued, all the causes of action accrued at the January 1981 closing, and the action was timely commenced within the applicable six-year Statute of Limitations. The motion court dismissed the complaint. We modify only to the extent of reinstating those portions of the first and second causes of action alleging breach of contract and fraud based upon the deed's covenant against grantor's acts.

The motion court properly dismissed the breach of contract and fraud claims based on the contract representations. "In contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach" *(Kassner & Co. v City of New York,* 46 NY2d 544, 550). The representation as to the terms of the restaurant lease was false when made. Thus, the breach occurred at the time of the execution of the contract. While plaintiff presumably could not have sought damages for the loss of 1987-1995 increased rent until it took title in 1981, it could have sued for rescission in 1979 or 1980. Thus, at the time of breach plaintiff had a remedy. *(See, Matter of Queensborough Community Coll. v State Human Rights Appeal Bd.,* 49 AD2d 766, *affd* 41 NY2d

926; *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175.) Moreover, the contract claim is conclusively disproven by the contract of sale, which did not provide for a survival after delivery of the deed of the representation as to the restaurant lease. That representation merged into the conveyance. *(See,* 6A Powell, Real Property ¶ 893.) The fraud element of the claim based upon the contract representation is not so barred, however, since fraud is a recognized exception to the merger doctrine *(ibid.),* although it is subject to dismissal on Statute of Limitations grounds. Applying either the six-year limitation from the date of the fraud itself *(see,* CPLR 213 [8]), or the alternate two-year time limit from date of discovery *(see,* CPLR 203 [f]), the claim is stale.

Without elaboration, the motion court found that defendant's conveyance pursuant to a bargain and sale deed with covenant against grantor's acts failed to change the accrual date. That finding was erroneous since a deed with such a covenant constitutes, in a sense, not only a reaffirmation of the earlier contractual representation, but it also represents a new and different commitment. The covenant construed in Real Property Law § 253 (6) is an agreement of indemnification *(see,* Rasch, Real Property §§ 1211, 1216; 6A Powell, Real Property ¶ 898) of a type not contained in the contract of sale. Thus, plaintiff's right to indemnification arose for the first time upon delivery of the deed at closing. *(See,* 6A Powell, Real Property ¶ 898.) Nor is there any doubt that the restaurant lease is one of the types of encumbrances against which the covenant was designed to protect. *(Ibid.)* Since the action was commenced within six years of delivery of the deed, those portions of the first and second causes of action based on the deed and its covenant assert viable contractual and fraud claims and should be reinstated.

As for the statutory claims, which are based on the representation in the offering plan to the effect that defendant had read the plan and that there were no material inaccuracies in the factual data contained therein, they too are barred by the six-year Statute of Limitations, since the plan was dated and published more than six years before the commencement of the action. Plaintiff's argument that these causes of action accrued only upon delivery of the deed is neither factually nor logically supportable. Moreover, and in any event, they are without substantive merit. General Business Law § 352-c does not provide a private right of action. *(CPC Intl. v McKesson Corp.,* 70 NY2d 268.) Furthermore, by providing in the contract of sale that defendant was not a promoter or sponsor

and would not be subjected to any liability under the plan, plaintiff waived any such claim. Apparently, plaintiff had abandoned its claim under General Business Law § 349. Thus, those portions of the second cause of action relating to a statutory claim and the entirety of the third and fourth causes of action were properly dismissed. Concur—Sandler, J. P., Sullivan, Carro, Milonas and Smith, JJ.