■ In the Matter of the Liquidation of UNION INDEMNITY INSURANCE COMPANY OF NEW YORK. ROYAL FARMS, INC., Appellant, v SUPERINTENDENT OF INSURANCE, as Liquidator of UNION INDEMNITY INSURANCE COMPANY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 6, 1989, confirming the report of Referee Hyman Korn, dated October 17, 1988, dismissing claimant Royal Farms' demand to reform three insurance contracts issued to it by Union Indemnity Insurance Company (Union), unanimously affirmed, with costs and disbursements.

In order "to overcome the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties" *(Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219), a party seeking reformation must, by clear and convincing evidence, establish that the writings in question were executed under mutual mistake or unilateral mistake coupled with fraud. *(Chimart Assocs. v Paul,* 66 NY2d 570.)

The record substantiates the Referee's findings *(see, Clean Rental Servs. v Karten,* 146 AD2d 462, 464) that claimant failed to establish that the three annual Union-issued insurance policies, limiting bodily injury insurance coverage to an aggregate limit of $500,000 instead of $500,000 per occurrence, as supposedly intended by claimant, were at variance with the intention of both parties *(Chimart Assocs. v Paul, supra,* at 573) or the product of fraudulent misrepresentation on the

part of Union. The policies in question and the endorsement contained therein clearly spelled out the coverage limits and unmistakably cautioned the insured on its first page to read the document carefully so as to bring promptly to Union's attention any potential mistakes. During the three years of coverage, when two renewals were executed, claimant failed to raise any objection about the policy coverage limitation with Union or any of its insurance agents. Under these circumstances, evidence of "a very high order" *(Backer Mgt. Corp. v Acme Quilting Co., supra,* at 219) was lacking and the denial of reformation was proper.

We have considered claimant's other contentions and find them to be without merit. Concur—Sullivan, J. P. Milonas, Kassal, Wallach and Smith, JJ.