WEST 90TH OWNERS CORP., Appellant-Respondent, v ARTHUR D. SCHLECHTER, Respondent-Appellant.

First Department, January 29, 1991

## APPEARANCES OF COUNSEL

*Michael J. Roberts* of counsel *(Roberts & Roberts,* attorneys), for appellant-respondent.

*Martin R. Gold* of counsel *(Mark N. Diller* with him on the brief; *Gold, Farrell & Marks,* attorneys), for respondent-appellant.

## OPINION OF THE COURT

Asch, J.

The plaintiff West 90th Owners Corp. is a tenant-sponsored cooperative corporation that purchased an Upper West Side apartment building from defendant, Arthur D. Schlechter. The August 9, 1979 contract of sale called for a deed that would convey title to the plaintiff "free from all encumbrances except as herein stated".

The phrase "except as herein stated" referred, *inter alia,* to a series of leases annexed to the contract of sale. In particular, it was represented that a lease to a restaurant known as "Argo" had a rent of $2,000 with a lease expiration date of November 30, 1987. In fact, defendant had entered into a modification of the Argo lease that extended it until 1992 at a rent considerably lower than the late-1980's market rate for that neighborhood. It is undisputed, however, that the rent was not extraordinarily low for the market at the time of the closing.

By deed dated January 6, 1981, the property was conveyed to the plaintiff. The deed included a covenant that defendant had "not done or suffered anything whereby the said premises have been encumbered in any way whatsoever, except as aforesaid."

Plaintiff's amended complaint asserted, *inter alia,* in a first cause of action, that defendant was bound to disclose to the plaintiff the modification of the Argo lease, and that he failed to do so. It was alleged that the lease modification was an encumbrance in violation of the covenant accompanying the deed, and that this breach of the covenant entitled the plaintiff to "as much as" $2 million in actual damages and treble punitive damages. In a second cause of action, plaintiff alleged fraud based on the covenant.

The amended complaint had been filed in response to defendant's attack on the original complaint by a motion to dismiss pursuant to CPLR 3211 (a) (5) and (7), on the ground of time-

bar and failure to state a cause of action. The court granted the motion to dismiss entirely, and the plaintiff appealed. This court modified, reinstating the first and second causes of action to the extent that they were based on the deed covenant. (137 AD2d 456, 457.) While noting that the complaint generally was barred by a six-year Statute of Limitations for breach of contract and fraud, whether measured from the date of the fraud or the date of discovery, we held as follows: "Since the action was commenced within six years of delivery of the deed, those portions of the first and second causes of action based on the deed and its covenant assert viable contractual and fraud claims and should be reinstated." (137 AD2d, at 459, *supra.)*

Plaintiff moved for partial summary judgment on the issue of liability and defendant cross-moved for a ruling *in limine* on the issue of damages and for leave to file a proposed amended answer and counterclaims.

The proposed amended answer included eight affirmative defenses, two of which also constituted counterclaims. As to the motion *in limine,* defendant contended that damages must be measured as of the date of the discovery of the defect in title, i.e., at the time of the deed, and that there were therefore no actual damages.

In the first order on appeal, the IAS court held that defendant had not raised triable issues of fact sufficient to defeat the motion for summary judgment on the first cause of action. The court further denied defendant leave to amend, finding that all of the newly asserted affirmative defenses and counterclaims except for the first defense of time-bar represented factual contentions which defendant unsuccessfully had raised to defeat summary judgment. However the nisis pruis court granted defendant's motion for an order *in limine,* and held that the plaintiff's damages would be measured by " 'subtracting the value of the property after the defect is discovered from its value before the defect existed' " (quoting *Yonkers City Post No. 1666, Veterans of Foreign Wars v Josanth Realty Corp.,* 67 NY2d 1029, 1031).

The traditional rule is that damages pertaining to an improperly disclosed lease are determined by subtracting the actual rent value from what would have been the rent value. *(See, Spadaro v Keers,* 277 App Div 1043.) In eminent domain cases, damage is determined by subtracting the value of the land after the taking from the value of the land before the

taking. *(See, e.g., Acme Theatres v State of New York,* 26 NY2d 385; *Diocese of Buffalo v State of New York,* 24 NY2d 320.) Damages for breach of a warranty against encumbrances are determined by subtracting the value of the property with the encumbrance from what would have been the value of the property without the encumbrance. *(See, e.g., Smirlock Realty Corp. v Title Guar. Co.,* 97 AD2d 208, 226, *mod on other grounds* 63 NY2d 955.)

In *Yonkers,* the Court of Appeals supplied an element missing from each of these formulations, that of the point in time at which damages are fixed. The *Yonkers* court held: "The general rule is that damages for a breach of covenant against encumbrances or a breach of a warranty of title are measured by subtracting the value of the property after the defect is discovered from its value before the defect existed". (67 NY2d, at 1031, citing *Smirlock Realty Corp. v Title Guar. Co., supra; Acme Theatres v State of New York, supra; Diocese of Buffalo v State of New York, supra.)*

Correctly read, *Yonkers (supra)* does not affect the formulation with regard to leaseholds any more than it affects any of the other formulations, except in one crucial way. Value must be determined on discovery of the defect. Plaintiff contends that this restriction should not apply where leaseholds are concerned, but only as to permanent physical encumbrances since leaseholds change in value and application of the *Yonkers* formula to leaseholds would therefore result in an unfair measure of damages. This contention is without merit. Plots of land affected by physical encumbrances are also subject to changes in value. The *Yonkers* claimant could just as easily have argued that damages should be measured 10 years after the discovery of the encumbrance if, in those 10 years, the plot affected by that encumbrance had substantially increased in value. However, the *Yonkers'* holding precluded such an argument in that case, and would also preclude it in the case at bar. The Appellate Division in *Yonkers* (104 AD2d 980) had held that the *Smirlock* rule varied according to the circumstances of the encumbrance (104 AD2d 980, 983, *supra)* but the Court of Appeals found this unpersuasive.

Plaintiff concedes that, under the IAS court's *in limine* determination, it has suffered no actual damages. Nevertheless, it sought and obtained partial summary judgment on the first of two still-viable causes of action. The IAS court did not hold that its *in limine* determination finally decided the case. Nevertheless, defendant contends on appeal that this court is

entitled to direct the entry of a final judgment in the matter, awarding plaintiff nominal damages only. However, neither the statutes nor case law cited by defendant authorize such a determination.

The IAS court properly denied defendant leave to file his amended verified answer and counterclaims. Defendant concedes that his new pleadings are identical to the arguments he offers in opposition to summary judgment and would be viable only if partial summary judgment should be denied. Defendant, in opposing plaintiff's motion for partial summary judgment, had the burden to lay bare and reveal proofs and to demonstrate material issues of fact. (See, Tobron Off. Furniture Corp. v King World Prods., 161 AD2d 354.) Conclusory allegations will not suffice to defeat a motion for summary judgment. (See, Smith v Johnson Prods. Co., 95 AD2d 675, 676.)

Defendant seeks reversal of the partial summary judgment by first contending that there is a question of fact as to mutual mistake or unilateral mistake and fraud that would justify rescission or reformation of the deed. Secondly, he argues that there is a question of fact as to interpreting the covenant because the merger doctrine prohibits use of the exhibit attached to the contract to interpret the covenant. Neither argument, however, has merit.

As defendant implicitly concedes on appeal, he cannot use any actual notice to the plaintiff of the lease modification to defeat a claim for breach of the covenant. (Rajchandra Corp. v Tom Sawyer Motor Inns, 106 AD2d 798, 800-801, appeal dismissed 65 NY2d 784.) He nevertheless contends that this actual notice is relevant to claims of mutual mistake or unilateral mistake and fraud (he does not bother to determine which) justifying reformation. (See, Matter of Union Indem. Ins. Co., 162 AD2d 398.) These conclusory allegations, however, do not satisfy the "very high order" of proof required for reformation. (See, Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219; see also, Lambert v Lambert, 142 AD2d 557, 558 ["clear and convincing" evidence].)

As to merger, defendant argues that the covenant is meaningless without reference to the lease schedule. He further contends that the schedule may not be considered because the contract merged with the deed, extinguishing the obligations and provisions of the contract on the closing. (Summit Lake Assocs. v Johnson, 158 AD2d 764.) However, the purpose of

the merger doctrine is to prohibit terms that would vary the terms of the written instrument. *(See, e.g., Snyder v Potter,* 134 AD2d 664.) Here, the lease schedule would not vary the terms of the covenant, but is merely the inevitable reference of the language "except as aforesaid."

Accordingly, the order of the Supreme Court, New York County (Edward Greenfield, J.), entered on June 13, 1989, which granted plaintiff partial summary judgment on its first cause of action, denied defendant's motion for leave to serve and file an amended answer and counterclaims, and granted defendant's motion for an order *in limine* to the extent of determining that plaintiff's damages shall be measured by subtracting the value of the property after the relevant defect was discovered from its value before the defect existed, is unanimously affirmed, without costs and disbursements. Appeal from the order of the same court and Justice, entered on November 29, 1989, which, *inter alia,* denied plaintiff's motion for reargument, is dismissed as nonappealable.

The decision and order of this court entered on December 4, 1990 is hereby recalled and vacated.

ROSS, J. P., CARRO, MILONAS and ROSENBERGER, JJ., concur.

Order, Supreme Court, New York County, entered on June 13, 1989, is unanimously affirmed, without costs and disbursements. Appeal from the order of the same court and Justice, entered on November 29, 1989, is dismissed, without costs and disbursements, as nonappealable. The decision and order of this court entered on December 4, 1990 is recalled and vacated.