■ LINDA A. SISLER, Individually and on Behalf of Her Child, GRANT SISLER, et al., Appellants, v SECURITY PACIFIC BUSINESS CREDIT, INC., Respondent. (And Third- and Fourth-Party Actions.) [609 NYS2d 601] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 5, 1993, which denied plaintiffs' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the assignment of condemnation proceeds to defendant declared invalid. The Clerk is directed to enter judgment in favor of plaintiffs against defendant in the amount of $1,363,280, plus interest from May 4, 1989.

Plaintiffs are the beneficiaries of two written trust agreements, dated January 25, 1981. The trusts were created by

third-party defendant David L. Robbins, who is the father of plaintiffs Linda Sisler and Nancy Druckman. Robbins is a co-trustee together with third-party defendant Harold Leviton, a long-time family friend. Robbins and his wife, Lucille, are also permissible income beneficiaries of the trusts, as are the issue of Sisler and Druckman. Pursuant to the terms of the trusts, the principal is to be distributed to Linda Sisler and Nancy Druckman upon the deaths of David and Lucille Robbins. If Sisler and Druckman are not then living, the principal is to be distributed as directed in their wills or, in the absence of such direction, to their issue.

The trusts were established to acquire a limited partnership interest in Eastern Starr Associates, which owned real property located on West 30th Street in Manhattan. Upon its liquidation in or about July 1988, Eastern Starr conveyed title to the property to its partners, as tenants in common. As a result of the conveyance, each trust acquired a 12.375% fee ownership in the property. In July 1988, the property was condemned and title passed to the New York State Metropolitan Transportation Authority. Condemnation proceeds have been paid by the Authority to the owners of the property, and the payment of additional condemnation proceeds is anticipated.

In order to obtain financing for a mutual business, now in bankruptcy, David Robbins and third-party defendants Alfred Cohen, Edward Cohen and Michael Cohen executed a promissory note dated August 15, 1988 in favor of defendant and third-party plaintiff Security Pacific in the principal amount of $5,068,000. Pursuant to the terms of the note, the makers were jointly and severally obligated to pay the principal balance plus interest. As security for their obligations, the makers assigned their individual interests in the proceeds of the condemnation award (12.375% each for Edward and Michael Cohen and 0.25% each for Alfred Cohen and David Robbins). They also purported to assign the interest of the trusts in the condemnation award to Security Pacific. In a document signed by David Robbins and Harold Leviton, in their capacity as co-trustees, each trust warranted that it was "duly authorized to enter into and to make this Assignment" and that "its share of the Condemnation Proceeds, up to $1,254,330, plus 24.75% of the Note interest, is directed to be distributed directly to David Robbins".

The Metropolitan Transportation Authority made an initial condemnation award of $7.45 million plus interest in May 1989. Defendant received approximately $3.8 million from this

advance payment, of which $1,363,200 is attributable to the trusts' interests in the property. Approximately $1.5 million of the debt under the note remains unsatisfied, and defendant has indicated its intention to seek additional proceeds out of the condemnation award.

Plaintiff-beneficiaries complain that defendant has wrongfully obtained and will continue to wrongfully obtain condemnation proceeds which belong to the trusts pursuant to an invalid assignment of the condemnation proceeds. Their first cause of action seeks a declaration that the conveyance of the condemnation proceeds to defendant is void and return of the sum of $1,363,200, plus interest. The second cause of action seeks a declaration that the assignment is invalid and an order directing that any additional proceeds from the condemnation award are to be paid to the trusts and not to defendant.

Plaintiffs' main argument is that the condemnation proceeds constitute trust principal, not income. Therefore, both pursuant to the trust agreements and as a matter of law, the condemnation proceeds cannot be used for the benefit of David Robbins and cannot be assigned by the co-trustees to Security Pacific for his benefit.

On October 16, 1992, plaintiffs moved for summary judgment directing that defendant repay the $1,363,200 to the trusts and declaring that defendant may not receive any further funds which properly belong to the trusts. Defendant opposed the motion, alleging the existence of questions of fact and the necessity for a trust accounting. Most importantly, defendant contends that there is a question of fact whether the condemnation award constitutes principal or income. Defendant contends that an accounting for the trusts is necessary to illuminate all relevant facts about the trusts, particularly whether any interest income is owed to David Robbins. Defendant further argues that there is reason to believe plaintiffs Linda Sisler and Nancy Druckman consented to the assignment of the condemnation proceeds to secure the loan to Robbins and his associates and seeks discovery on this issue.

Supreme Court concluded that issues of fact exist with respect to these issues and that an accounting is appropriate to illuminate them. On appeal, plaintiffs' principal argument is that, since Robbins is only an income beneficiary under the trusts, the trustees had no authority to assign the condemnation proceeds for his benefit.

As a matter of law, proceeds of an award in condemnation

constitute trust principal (EPTL 11-2.1 [b] [2] [B]; *In re Wacht's Estate,* 32 NYS2d 871, 903-906). All of the components of the condemnation proceeds, whether attributable either to principal or to damages for delay in payment since the taking of the property, constitute principal inasmuch as no condemnation judgment has yet been entered *(In re Wacht's Estate, supra,* at 903). In order for Robbins to reach trust principal, he would have to either obtain a court order pursuant to EPTL 7-1.6 or the written and acknowledged consent of all beneficiaries to revoke or amend the trust pursuant to EPTL 7-1.9 (a). As neither of these actions was taken by the trustees, the assignment is invalid. While the trust instrument arguably gives the trustees discretion to assign to income or principal any amount which might be classified as either, the proceeds in question are principal as a matter of law, and there is no basis for the exercise of discretion.

It should be noted that an assignment of income by a trust beneficiary is impermissible pursuant to EPTL 7-1.5 (a) (1). Thus, even assuming that a portion of the condemnation proceeds assigned was properly deemed trust income, such income is inalienable *(Sarver v Towne,* 285 NY 264, 271-272). The trusts make no provision for assignment of the interests of the income beneficiaries and, accordingly, Robbins was prohibited from assigning his beneficial interest in the condemnation proceeds. Nor is there any merit to defendant's contention that there might have been consent by the beneficiaries to the assignment since the infant plaintiffs, who have a contingent interest in the trust principal, were incapable of giving their consent *(Matter of Dodge,* 25 NY2d 273).

Defendant speculates that the condemnation proceeds could be treated as income were the trust principal "[u]nderproductive" within the meaning of EPTL 11-2.1 (k), resulting in the accrual of "delayed income". However, bare conclusory allegations are insufficient to defeat summary judgment *(McGahee v Kennedy,* 48 NY2d 832) and especially so when offered to controvert an accountant's affidavit that trust income exceeds the minimum 1% return on inventory value to be considered underproductive within the contemplation of the statute (EPTL 11-2.1 [k] [1]).

Defendant does not dispute that it accepted the assignment of the condemnation proceeds payable to the trusts with full knowledge of the terms of those instruments. Notwithstanding his written assertion and that of his co-trustee to the contrary, as a mere discretionary income beneficiary, David Robbins is not guaranteed to receive any income from the trusts and

might receive absolutely nothing in the exercise of the unfettered discretion of the "disinterested trustee", Harold Leviton. Defendant has not demonstrated any basis to subordinate the interests of the remaindermen to its claim against Robbins so as to render the assignment valid (e.g., *King v Pelkofski*, 20 NY2d 326), and plaintiffs are entitled to summary judgment on their claims. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ. [As amended by unpublished order entered Aug. 4, 1994.]