■ RICHARD KOSKEY et al., Respondents, v PACIFIC INDEMNITY COMPANY, Appellant. [704 NYS2d 656] —In an action, *inter alia,* to reform a fire insurance policy, the defendant, Pacific Indemnity Company, appeals from (1) a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated December 9, 1998, which, after a nonjury trial, reformed the subject fire insurance policy to add Richard Koskey and Jean Lossi as Trustees, a/k/a The Karmgard Trust, as owners and loss payees, and (2) an order of the same court (Pagones, J.), dated February 18, 1999, which denied its posttrial motion pursuant to CPLR 4404 (b) to set aside the judgment and for judgment in its favor or a new trial.

Ordered that the judgment and the order are affirmed, with one bill of costs.

Wayne Karmgard owned a parcel of real estate known as "Shagabak". The defendant, Pacific Indemnity Company, issued a so-called "Chubb Masterpiece" fire insurance policy on Shagabak. The policy had been placed through March & McLennan, Inc. (hereinafter M & M), an insurance brokerage firm. Upon learning that he was HIV-positive, Karmgard conveyed his assets to the plaintiffs Richard Koskey and Jean Lossi, who were accountants, as Trustees, for his own benefit for life, with the remainder to his sisters. The trust is called "The Karmgard Trust".

In 1992 Karmgard attempted to file insurance claims with the defendant after two fires destroyed the premises at Shagabak. The defendant denied the claim because, *inter alia,* The Karmgard Trust was not named as owner and loss payee on the policy. After a nonjury trial, the Supreme Court (Bernhard, J.), found in favor of the plaintiffs, based on the preponderance of the evidence, on their cause of action for reformation and reformed the policy to add Richard Koskey and Jean Lossi as Trustees, a/k/a The Karmgard Trust, "as owners and loss payees". Thereafter, the defendant moved pursuant to CPLR 4404 (b) to set aside the judgment, and the Supreme Court (Pagones, J.), denied the motion.

We agree with the defendant's contention that Justice Bernhard erroneously applied a preponderance of the evidence stan-

dard to the plaintiffs' reformation cause of action, as it is well settled that a party seeking reformation of a contract is required to demonstrate its entitlement to such relief by clear and convincing evidence (*see, Judge v Travelers Ins. Co.,* 262 AD2d 983; *Town of German Flats v Aetna Cas. & Sur. Co.,* 174 AD2d 1003, 1004; *West 90th Owners Corp. v Schlechter,* 165 AD2d 46, 50; *Lambert v Lambert,* 142 AD2d 557, 558).

The defendant's further contention that the plaintiffs failed to meet their burden of proof by clear and convincing evidence, however, is without merit. The plaintiffs' evidence at trial demonstrated, without contradiction, that Karmgard and Lossi contacted M & M on at least four separate occasions before the two fires to inform it that Shagabak had been conveyed to The Karmgard Trust, and to request that The Karmgard Trust be added as an insured, to which they received affirmative responses (*see, Matter of Vadney,* 83 NY2d 885, 887). Accordingly, the Supreme Court properly denied the defendant's posttrial motion pursuant to CPLR 4404 (b) to set aside the judgment. S. Miller, J. P., Krausman, Florio and H. Miller, JJ., concur.