■ PACIFIC INDEMNITY COMPANY, Plaintiff, v RICHARD KOSKEY et al., Respondents, MELINDA J. PARSONS, Appellant, et al., Defendants. [796 NYS2d 617]—

In an interpleader action to determine entitlement to the proceeds of an insurance policy, the defendant Melinda J. Parsons appeals from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 30, 2003, as granted the motion of the defendants Richard Koskey and Jean Lossi, individually and as trustees of the Karmgard Trust, Holly Jobson, as executor of the estate of Wayne Karmgard, and Pattison, Koskey, Rath & Florio, CPA, P.C., now known as Pattison, Koskey & Rath, P.C., for summary judgment on their claim for the subject insurance proceeds, and denied those branches of her cross motion which were for summary judgment entitling her to a right of first recovery of the principal sum of $174,072.54 from the proceeds and to disqualify attorney Stephen Coffey and the law firm of O'Connell and Aronowitz from representing parties in this action.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal is one of several that have been before this Court concerning the property and insurance policy at issue. The relevant facts may be summarized as follows: By instrument dated

August 8, 1991, Wayne Karmgard created the Karmgard Trust. Pursuant to the terms of the trust, Karmgard was the income beneficiary for life. Karmgard was not authorized to invade, and the trustees were not empowered to pay to him, any portion of the principal, and a spendthrift provision purported to prohibit the alienation of any beneficiary's interest in income or principal. Karmgard retained the right to add to the corpus of the trust. Upon his death, the trust was to terminate and the corpus and all accrued interest was to be paid to his sisters. Karmgard has since died and his estate is represented by the defendant Holly Jobson, his executor.

In November 1991 Karmgard transferred ownership of his home, known as Shagabak, to the trust. Prior to the transfer, Shagabak was damaged in a fire. Payment made after the transfer on an insurance claim by Karmgard for damages arising from the fire pursuant to a policy issued on Shagabak by the plaintiff Pacific Indemnity Company (hereinafter Pacific) alerted the trustees of the Karmgard Trust that the trust was not named as an insured on the policy. Unknown to the trustees until a later date, efforts at that time to add the trust as an additional insured proved ineffective. On May 4, 1992, and June 10, 1992, two additional fires occurred at Shagabak, the latter of which destroyed the property. Karmgard made a claim for the damages caused by these fires, but Pacific denied coverage based on its conclusion that the fires were intentionally set by Karmgard. The Karmgard Trust, after successful litigation to reform the Pacific policy to name it as an additional insured (see *Koskey v Pacific Indem. Co.*, 270 AD2d 461 [2000]), also made a claim pursuant to the policy as an innocent additional insured. Ultimately, Pacific agreed to settle the trust's claim for $800,000, and commenced this interpleader action to determine the disbursement of the proceeds.

The appellant Melinda Parsons loaned Karmgard the sum of $100,500. She sought a priority to a portion of the subject insurance proceeds pursuant to, inter alia, an "Assignment of Insurance Proceeds" given to her by Karmgard dated November 14, 1994. Pursuant to the terms of the assignment, Karmgard acknowledged funds given to him by Parsons between November 2, 1992, and April 23, 1993, in the aggregate amount of $100,500, referenced then-pending litigation with Pacific concerning his demand for insurance coverage for the fire damage to Shagabak, and assigned to Parsons "any insurance proceeds recovered by the assignor in [that] lawsuit. [*sic*] either directly or from the Karmgard Trust."

After issue was joined in this interpleader action, the

Karmgard Trust and others moved for summary judgment seeking an award to the trust of the subject insurance proceeds, less attorney's fees and disbursements. Parsons cross-moved, inter alia, for summary judgment awarding her first priority to a portion of the same. We affirm the grant of relief to the trust and others, and the denial of relief to Parsons.

In support of its motion, the Karmgard Trust and others demonstrated prima facie entitlement to judgment as a matter of law by proffering evidence that the trust was the owner of Shagabak, and was an innocent insured under the policy issued by Pacific. In opposition to this prima facie showing, and in support of her cross motion, Parsons failed to raise a triable issue of fact that she was entitled to any portion of the proceeds.

Contrary to Parsons' contention, the assignment dated November 14, 1994, did not purport to grant her a priority to any portion of the insurance proceeds to be paid to the Karmgard Trust by Pacific for the damage to Shagabak. Rather, it merely assigned to her a portion of any insurance proceeds to be paid to Karmgard either directly by Pacific or through the Karmgard Trust. Here, neither event occurred. Further, Parsons failed to raise a triable issue of fact that Karmgard, as income beneficiary, would have been entitled to any of the insurance proceeds to be paid to the Karmgard Trust by Pacific. Karmgard was both the settlor and the beneficiary of the trust. Accordingly, his creditors could reach the maximum amount which the trustees under the terms of the trust could pay to him or apply for his benefit, despite a spendthrift clause to the contrary, and regardless of whether the trustees in the exercise of their discretion wished to do so or whether Karmgard himself could have compelled such payment (see *Vanderbilt Credit Corp. v Chase Manhattan Bank*, 100 AD2d 544, 546 [1984]; EPTL 7-3.1). However, the maximum amount which the trustees under the terms of the trust could have paid to Karmgard or apply for this benefit was the interest income from the trust. Parsons did not argue or proffer evidence that the insurance proceeds to be paid to the trust for the loss of Shagabak would be other than principal to the trust (see EPTL 11-2.1 [b] [2] [C]). Accordingly, the decedent was prohibited from assigning his beneficial interest in the insurance settlement proceeds (see EPTL 7-1.5 [a] [1]; *Sisler v Security Pac. Bus. Credit*, 203 AD2d 28 [1994]). Those proceeds constituted trust principal and hence, belonged to the trust. In order for the decedent to "reach trust principal, he would have to either obtain a court order pursuant to EPTL 7-1.6 or the written and acknowledged consent of all beneficiaries to revoke or amend the trust pursuant to EPTL 7-1.9 (a).

As neither of these actions was taken . . . the assignment is invalid" (*Sisler v Security Pac. Bus. Credit, supra* at 31).

Although Karmgard was authorized to add to the corpus of the trust, and to "designate the portion of the trust estate to which such additional securities or property shall be added and become part," Parsons failed to raise a triable issue of fact that Karmgard added either Shagabak or the Pacific policy to the corpus of the trust with any reservation, or that he designated any portion of the same, or the proceeds of the same, as income. Indeed, the transfer of Shagabak to the trust preceded Parsons's loans to Karmgard, and the trust was added as an additional insured on the Pacific policy only after successful litigation by the trust to reform the policy. Thus, as Parsons failed to raise a triable issue of fact as to any other basis upon which she would be entitled to any portion of the insurance proceeds at issue, she was properly denied relief.

Parsons's remaining contentions either are without merit, academic, or cannot be reached due to lack of standing. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.