■ BRUCE GOMEZ, Appellant, v FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK et al., Respondents. [970 NYS2d 885]—

In an action, inter alia, to recover damages for breach of a title insurance policy, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Markey, J.), entered March 12, 2012, which, inter alia, granted that branch of the defendants' motion which was to dismiss the first cause of action of the amended complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants moved, inter alia, to dismiss the first cause of action of the amended complaint pursuant to CPLR 3211 (a) (1), on the ground that they had a defense founded on documentary evidence. The Supreme Court granted that branch of the defendants' motion.

The Supreme Court properly directed the dismissal of the

first cause action of the amended complaint pursuant to CPLR 3211 (a) (1). The documentary evidence submitted resolved all factual issues as a matter of law, and conclusively disposed of the claim asserted by the plaintiff (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 70 AD3d 928, 930 [2010]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006]; *Nevin v Laclede Professional Prods.*, 273 AD2d 453 [2000]). The documentary evidence established that the plaintiff's cause of action was premised on an incorrect methodology for calculating the measure of his damages (*see Yonkers City Post No. 1666, Veterans of Foreign Wars of U. S. v Josanth Realty Corp.*, 67 NY2d 1029, 1031 [1986]; *West 90th Owners Corp. v Schlechter*, 165 AD2d 46, 49 [1991]; *L. Smirlock Realty Corp. v Tit. Guar. Co.*, 97 AD2d 208, 226 [1983]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the first cause of action of the amended complaint pursuant to CPLR 3211 (a) (1).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Skelos, Leventhal and Lott, JJ., concur. **[Prior Case History: 34 Misc 3d 1233(A), 2012 NY Slip Op 50360(U).]**