651 Bay St., LLC v Discenza (2020 NY Slip Op 07332)





651 Bay St., LLC v Discenza


2020 NY Slip Op 07332


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-00145
 (Index No. 516568/16)

[*1]651 Bay Street, LLC, et al., appellants,
v
Elizabeth Discenza, et al., respondents.


Law Office of Natalia Vassilieva, P.C., Brooklyn, NY, for appellants.
Crawford Bringslid Vanderneut LLP, Staten Island, NY (Allyn J. Crawford and Kerri L. Bringslid of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract and fraudulent inducement, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated October 25, 2017. The order denied the plaintiffs' motion pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action for breach of the covenant against encumbrances.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion for leave to amend the complaint to add a cause of action for breach of the covenant against encumbrances is granted.
The complaint filed by the plaintiffs asserted causes of action for breach of contract and fraudulent inducement, alleging, among other things, that the defendants induced the plaintiffs to enter into a contract of sale for the purchase of commercial real property by fraudulently representing that the property was unencumbered by leases. By order dated May 24, 2017, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the breach of contract cause of action (see 651 Bay Street, LLC v Discenza, ___ AD3d ___ [Appellate Division Docket No. 2017-07462; decided herewith]). The plaintiffs then moved pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action for breach of the covenant against encumbrances contained in the bargain and sale deed, relying on language stating that "the [Grantor] covenants that the [Grantor] has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid." It is undisputed that nowhere in the contract of sale or in the deed is any mention made of the alleged leases. In an order dated October 25, 2017, the Supreme Court denied the motion, and the plaintiffs appeal.
The Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion to add a cause of action for breach of the covenant against encumbrances or, more appropriately, breach of the covenant against grantor's acts (see Real Property Law § 253[6]; Schottland v Brown Harris Stevens Brooklyn, LLC, 107 AD3d 684; West 90th Owners Corp. v Schlechter, 137 AD2d 456; see also CPLR 2001; cf. Real Property Law § 253[3]). The proposed amendment was not palpably insufficient or patently devoid of merit and there was no prejudice or surprise to the defendants (see Wells Fargo Bank, N.A. v Confino, 175 AD3d 536, 537).
The defendants' remaining contentions are without merit.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court